Solís, Recurrente, *v.* Registrador de Caguas, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegatoria de inscripción de ratificación hecha por el municipio.

No. 451.—Resuelto en febrero 27, 1920.

Inscripción del Usufructo de Solares Municipales—Documento Suficiente para Causar Inscripción—Certificación del Secretario Municipal.—Para inscribir en el registro el derecho de usufructo concedido por el municipio a un particular sobre solares municipales segregados de una finca inscrita de mayor cabida, así como para inscribir la segregación, no es de necesidad indispensable el otorgamiento de escritura, siendo bastante el presentar al

registrador una certificación del secretario municipal creditiva del acuerdo relativo a la segregación y a la concesión o en su caso a la ratificación de la concesión.

Estado Civil del Esposo Según el Registro.—Al objeto de conformar la descripción que tenían dos casas según el registro, con la que tienen después de haber sido reformadas, el esposo consignó en una escritura que tanto la compra como la reconstrucción de ambos inmuebles se realizaron ''en constante matrimonio con su esposa aquí comparecida con quien está casado en primeras nupcias.'' Habiendo señalado el registrador como defecto subsanable el no haberse acreditado que la esposa actual fuera la misma esposa del otorgante cuando edificó las casas, *se resolvió:* que no existe el defecto, puesto que las partes mismas han manifestado en la escritura que están casadas en primeras nupcias.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. R. Arce.*

El registrador recurrido no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El recurrente era dueño de dos antiguas casas en Caguas donde el municipio tenía el título de dominio del solar. Deseaba hacer mejoras en dichas casas y que su derecho de usufructo fuera ratificado por el municipio. El municipio accedió a su petición de ratificación del usufructo como puede verse de la certificación de su secretario, expedida de acuerdo con la ley municipal. El registrador denegó la inscripción tanto de la ratificación hecha por el municipio como de la escritura de rectificación de inscripciones. Las siguientes son las notas denegatorias de dichas inscripciones:

''Denegada la inscripción del documento que precede, y extendida en su lugar anotación preventiva por el término de 120 días a favor del Municipio de Caguas al folio 187 vuelto y al 183 del tomo 2 de Caguas, fincas números 96 y 97 anotaciones letras A por la razón siguiente: porque apareciendo del registro que dicho municipio tiene inscrito mediante título escrito de su propiedad a folio 92 del tomo 11 de este ayuntamiento, el dominio de la finca de la cual se segrega la de este número, no cabe verificar dicha inscripción presentando una certificación del secretario del citado municipio, como se hace en este caso, sino que es preciso una escritura pública, toda vez que existe título escrito e inscrito de la propiedad del susodicho municipio, y debe por tanto inscribir a su favor las segregaciones

que haga de la finca principal aludida con sujeción a las reglas establecidas para las inscripciones de los particulares, pues es de dominio, y no posesorio, el título registrado de la mencionada corporación, todo con arreglo al artículo 33 del Reglamento de la Ley Hipotecaria en conexión con el 31–34 y 36 del mismo y el 3 de la citada ley.—Caguas a 18 de noviembre de 1919.—(Firmado) Pedro Gómez Lasserre.''

''Denegada la inscripción de las edificaciones a que se refiere el documento que precede que es la escritura No. 139 pasada en Caguas el 11 de noviembre de 1919 ante el Notario Rafael Arce Rollet, por observar que los solares donde enclavan las casas, son propiedad del Municipio de Caguas, y no constan inscritos previamente a nombre del mismo; y extendida en su lugar anotación preventiva durante el término de ciento veinte días en favor de los esposos José María Solís Martinó y Asunción Sariego Espina, a folios 188 v. y 184 del tomo 2 de Caguas, fincas números 97 y 96 anotaciones letras B, con el defecto subsanable de no haberse acreditado que la señora Sariego fuera la misma esposa del señor Solís cuando edificó las casas.—Caguas, noviembre 18 de 1919.—(Firmado) Pedro Gómez Lasserre.''

La certificación del Municipio era un documento suficiente de acuerdo con los artículos 2 y 3 de la Ley Hipotecaria y 51 de su Reglamento. Título III, artículos 1 y 2 de la Ley de Evidencia. *Plana* v. *El Registrador de Caguas*, 26 D. P. R. 399; *Cubarons* v. *El Registrador de Caguas*, 27 D. P. R. 828.

Estando inscrito el primer documento como debe estar, la objeción a inscribir la segunda escritura desaparece, pues la única razón en que se basaba dicha objeción era que no constaban inscritos a favor del municipio los solares donde enclavan las casas, estado de cosas que ha quedado remediado por la inscripción del primer documento.

Tampoco existe el defecto subsanable, puesto que las partes mismas han manifestado en su escritura que son casados en primeras nupcias.

Deben revocarse las notas del registrador y verificarse las inscripciones, como se ha indicado.

*Revocadas las notas recurridas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.