ERNEST V. S. RICHARDSON, demandante y apelante, *v.* FRANCISCO MARTÍNEZ, demandado y apelado.

No. 3822.—*Visto:* Mayo 26, 1926. *Resuelto:* Julio 31, 1926

1. INJUNCTION—INJUNCTION PARA RECOBRAR POSESIÓN—EVIDENCIA—SU SUFICIENCIA—EN GENERAL.—Atendida la prueba en el caso de autos, se resolvió que ella justificaba y sostenía la sentencia apelada.

1. INJUNCTION—INJUNCTION PARA RECOBRAR POSESIÓN—CUESTIONES A CONSIDERAR Y RESOLVER.—Cuando la verdadera cuestión envuelta entre las partes en acción de *injunction* para recobrar la posesión es una de fijación de colindancias, tal cuestión no es propia para ser considerada y resuelta en dicho procedimiento especial.

3. INJUNCTION—INJUNCTION PARA RECOBRAR POSESIÓN—LIMITACIÓN DE LA ACCIÓN.—Cuando en pleito de *injunction* para recobrar la posesión se prueba que la ocupación del demandado de los terrenos cuya posesión trata de recobrar el demandante tiene más de un año a la fecha en que se presentó la acción, dicho período de tiempo impide el ejercicio de la acción.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan Segundo Distrito), declarando sin lugar solicitud de injunction con costas. *Confirmada.*

*Enrique Rincón,* abogado del demandante; *Campillo & Campillo,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este es un pleito sobre injunction para recobrar la posesión de parte de una finca rústica en el que se alega que el demandante Mr. Ernest V. S. Richardson compró en 8 de diciembre de 1922 en subasta judicial para ejecución de una hipoteca constituída por Mr. Albert Thyboe una finca de 27 cuerdas en el barrio de Candelaria de la jurisdicción de Toa Baja de la cual le dió posesión el márshal en dicha

fecha y que allá por septiembre u octubre de 1924, unos siete meses antes de presentarse la demanda de injunction, el demandado Francisco Martínez penetró en ella y ocupó en la parte Este de la misma en colindancia con el río Hondo un perímetro como de 7 u 8 metros dice la demanda, pero un testigo dijo ser de 5 ó 6 cuerdas, que cercó con alambre, en el que tiene acondicionadas cañas y ha tumbado árboles y hecho carbón.

Se opuso el demandado a esa reclamación negando que en fecha alguna haya penetrado en esa finca y alegó que si bien en 19 de febrero vendió a Mr. Albert Thyboe una finca con 31 cuerdas de terreno en dicho barrio su comprador le vendió por escritura pública de 24 de mayo de 1919 una porción de cinco cuerdas de esa finca en la parte Este de la misma y en colindancia por dicho punto con el río Hondo.

Celebrado el juicio recayó sentencia declarando sin lugar la demanda y se interpuso este recurso de apelación por el demandante.

Hemos examinado la evidencia y justifica la sentencia apelada, pues de ella resulta que si bien en febrero 1919 el demandado Francisco Martínez vendió a Mr. Albert Thyboe una finca de 31 cuerdas en el barrio de la Candelaria de Toa Baja que colindaba por el Este con el río Hondo y otros colindantes el mismo año vendió Thyboe a Francisco Martínez una porción de esa finca de cinco cuerdas de terreno en el lado Este y en colindancia con el río Hondo; que habiendo presentado Mr. Albert Thyboe demanda de injunction contra Francisco Martínez para recobrar la posesión de parte de la finca de 27 cuerdas fué declarada desistida esa demanda por sentencia de la Corte de Distrito de San Juan de 29 de mayo de 1922; que desde entonces Francisco Martínez está ocupando la tierra en la que Mr. Ernest V. S. Richardson alega ha ocupado y tiene sembradas cañas y que ha cercado, sin que nadie desde entonces lo haya molestado en esa ocupación que él dice ser del terreno que compró a Thyboe y que desde diciem-

bre de. 1922 en que el demandante Richardson compró en subasta la finca de 27 cuerdas de Mr. Albert Thyboe y se le dió posesión de ella, el comprador ha residido en San Juan sin ocuparse de la finca en la que solamente tiene como encargado para su venta a un hombre que no vive en la finca, aunque sí en sus cercanías.

En vista de esa prueba que se alega no sostiene la sentencia llegamos a la conclusión de que la verdadera cuestión entre las partes es de fijación de colindancias, que no es propia de este procedimiento especial y que si el demandado está ocupando terrenos del demandante tal ocupación tenía más de un año cuando se presentó la demanda de injunction para recobrar la posesión, período de tiempo que impide el ejercicio de la acción en este procedimiento y *que es motivo bastante para confirmar la sentencia apelada.*

El Juez Asociado Señor Hutchison no intervino en la resolución de este caso.