ELEUTERIO PAGÁN MOLINA demandante y apelado, *v.* SERAFINA SANTIAGO, demandada y apelante.

No. 4438.—*Visto:* Junio 8, 1928. *Resuelto:* Junio 12, 1928.

*García Méndez & García Méndez,* abogados de la apelante; *B. Esteves,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Eleuterio Pagán, el 4 de abril de 1927, presentó en la Corte de Distrito de Aguadilla una demanda para recobrar la posesión de propiedad inmueble dirigida contra Serafina Santiago. Alegó en resumen que era dueño de una finca de ocho cuerdas situada en el barrio Salto, del Municipio de San Sebastián, y que el 22 de diciembre de 1927 la demandada acompañada de otras personas penetró en ella

en actitud violenta y amenazadora, arrancó cercas de mayas y alambres y tomó varios racimos de palmas y otros frutos contra la voluntad del demandante, volviendo a penetrar el 26 de marzo de 1927 fijando esta última vez una cerca de espeques de madera con alambre de púas por virtud de la cual privó al demandante de una porción de su finca.

La demandada excepcionó y contestó a la vez la demanda. Negó que hubiera penetrado violentamente en la finca del demandante y alegó que si bien el 26 de marzo de 1927 había puesto la cerca a que se refiere la demanda, lo cierto era que lo hizo de acuerdo con el propio demandante. Como materia nueva alegó que era dueña de una finca de unas dos cuerdas que colinda con la del demandante y que habiendo surgido diferencias entre ambos en relación con la línea de la colindancia, amigablemente convinieron en practicar un deslinde que llevó a efecto el agrimensor público don Enrique García el 26 de diciembre de 1926 aceptándose el resultado y tirándose la cerca de común acuerdo siguiendo las estacas que fijó el agrimensor.

 Fué el pleito a juicio. Declaró el propio demandante en armonía con las alegaciones de su demanda. Al ser repreguntado negó que hubiera ido agrimensor alguno a deslindar su finca. Insistió en que cuando la demandante levantó la cerca que lo despojó de un cuadro de terreno, él estaba en posesión de ese cuadro.

Hay un momento en que su declaración es confusa y en que parece admitir que desde antes de las fechas expresadas en la demanda, la demandada, al par que él, "metía cerdos" en el terreno en disputa y cogía las yaguas de las palmas. Sin embargo, estudiada la declaración en su totalidad, tal confusión desaparece, quedando en pie que los actos de perturbación ocurrieron a partir del 22 de diciembre de 1926, no habiendo transcurrido por tanto un año desde esa fecha hasta la de la interposición de la demanda.

Juan de Dios Hernández, testigo del demandante, declaró

que el 22 de diciembre de 1926 observó que la demandada y sus hijas "garateaban con el señor Eleuterio Pagán, uno que arrancaba la maya y otro que no daba el permiso para arrancar la maya y el alambre . . . . que esa maya y ese alambre eran de Eleuterio Pagán y que hacía como veinte años que estaba viendo la maya y el alambre allí."

Y en igual sentido declaró el otro testigo del demandante, Juan Núñez. En las repreguntas admitió que vió al agrimensor García practicando un deslinde, pero dijo que no sabía quién se lo había encargado.

Por la parte demandada declararon ella misma, Cleofe y Flor Jiménez y el agrimensor García.

La declaración de la demandada es larga. Parece conveniente transcribir textualmente la parte que sigue:

"Interviene el Juez y ella declara: Que él los llamó y dijo: 'se va a medir con estas condiciones, si me cogen a mí conforme con la mensura como si le cogen a Uds. también conforme', y que el agrimensor plantó un deslinde donde él mismo le marcó arriba; que él no le cogió a nadie terreno; que ese pedazo de terreno en que ella se metió resultó ser de ella; que esos 25 céntimos que según la mensura resultaron de ella y que según él ella se metió allí violentamente son esos mismos; que después de la mensura resultó ella favorecida y no él; que si en lugar de resultarle favorecida la mensura que hizo el agrimensor, hubiera resultado que era contraria, él tendría los 25 céntimos ahora; que después que se hizo la mensura él quedó conforme; . . . .

"Repreguntada otra vez por la parte demandante, contesta: Que él también utilizaba ese terreno, amarraba animales, amarraba puercos; que él los denunció por meterse en ese terreno a coger las yaguas y las palmas; que después de la mensura él le dió las quejas al Juez de San Sebastián porque no se halló conforme; que él estuvo conforme; pero que uno puede estar conforme y mañana no."

Cleofe y Flor Jiménez declararon favorablemente a la demandada y el agrimensor García sostiene que practicó el deslinde llamado por el propio demandante. Debe transcribirse la parte de su declaración que sigue:

". . . que la señora y el señor tenía una colindancia con la cual no

estaba de acuerdo ninguno, porque el señor reclamaba terreno que estaba dentro de tres puntos y la señora decía que estaba solamente en dos puntos, y el señor, y el señor Pagán le trajo a él una copia de la escritura del Registro de la Propiedad, y esa copia mencionaba seis puntos y según él le decía y se lo repitió como cinco veces, tenía siete puntos, y entonces llegaron a la conclusión de que el punto que no estaba inscrito en el Registro de la Propiedad era ese punto o sea el séptimo, cuando la copia decía que desde el quinto punto, que la última línea era el sexto punto al primero, y no de un séptimo al primero, y ellos estuvieron de acuerdo, el señor Pagán y otros señores, la señora y unos señores más que estaban interesados en la línea, entre todos ellos pagar el deslinde para quitarse la controversia y más disgustos y tener su finca limpia, y que entonces él practicó con el consentimiento del señor Pagán y de los señores demandados el deslinde entre ambos puntos, con lo cual estuvieron ellos en completa conformidad; que la diferencia que ellos tenían allí era como de 30 o 35 céntimos; que al tirar las líneas y hacer el deslinde el pedacito de terreno ese resultó de la señora demandada; . . . .

"Interviene el Juez y el testigo contesta: Que no existía cerca, que había una maya, pero no estaba entre dos puntos, una maya virada, pero fuera de los dos puntos; que había un cordón de maya pero que estaba fuera de los dos puntos, dentro de la propiedad de la señora; que entre el deslinde que él hizo con los espeques y las estacas que se clavaron y la maya el área de terreno comprendida ahí figuraba un triángulo oblicuando, agudo."

Se llamó a declarar nuevamente al demandante e insistió en que él no llamó al agrimensor. Dijo "que él estaba presente ese día y que no pagó al agrimensor, que ellos le pagaron."

Terminado el juicio la corte dictó la sentencia recurrida, favorable al demandante. Para ello emitió una opinión de la que debe transcribirse lo que sigue:

"La acción ejercitada en este caso es la que a todo poseedor compete por la ley No. 43 de 13 de marzo de 1913, enmendada por la No. 11 de 14 de marzo de 1917.

"Dicha acción, denominada injunction para recobrar la posesión es por naturaleza semejante a los interdictos o procedimientos sumarísimos en que, según la Legislación española, observábanse brevísi-

mos trámites, teniendo como objeto único la consecución de una posesión interina y precaria.

"En estos interdictos, como dice Manresa, las resoluciones recaídas no deciden nada en definitiva, deteniéndose siempre en el hecho sin penetrar en el campo del derecho.

"De manera que para que tal acción proceda basta que aquel contra quien se pide haya realizado el acto de perturbación y despojo de la posesión en que estaba aquel que la ejercita, al tiempo de tal despojo y perturbación.

"Con estas ligeras consideraciones previas, veamos ahora cuáles han sido las resultancias de la prueba del caso. De ella aparece, haciendo caso omiso de los actos realizados el 22 de diciembre de 1926, que el 26 de marzo del año en curso la demandada por medio de sus hijos Concepción y Cleofe y dos peones a sus órdenes volvieron a penetrar, en actitud violenta y amenazadora, en la finca del demandante, quien se hallaba en posesión de la misma, poniendo un punto por la colindancia del Poniente, desde el cual tiraron una línea de espeques con alambres de púa, privándole al demandante de la porción de terreno en forma de cuchillo, inscrita en un espacio delimitado por un antiguo seto vivo de mayas, que fué con anterioridad removido por la demandada, y la expresada línea de espeques con alambrado de púa.

"Estos últimos hechos han sido aceptados por la demandada, aunque alegando que tal colindancia fué puesta con el beneplácito del demandante en virtud de haberse convenido entre ambos interesados el deslinde de sus respectivas fincas colindantes entre sí.

"Aunque por la prueba al juzgador se le hace difícil admitir como hecho cierto la aquiescencia del demandante en tal deslinde, aceptándolo concesivamente como cierto, entendemos que esto no quita peso a la razón del demandante para acogerse al remedio de injunction, pues como dice nuestro Tribunal Supremo, 'el hecho de que el dueño de una finca rústica no se oponga a la práctica de una mensura y deslinde de una propiedad colindante con la suya no le priva de su derecho a acudir al remedio de injunction que provee la ley de 13 de marzo de 1913' D.P.R. 28, 636.

"Ni hace al caso la cuestión de si la colindancia es o no la verdadera. Como expone Scaevola glosando a Laurent, las acciones posesorias (interdictos) se conceden en razón de una presunción de propiedad. Hay un motivo de orden público; si la perturbación y la violencia se traducen en hechos, la ley no puede permitirlo, aun cuando sean ejercitados por el que pretende tener derechos sobre la cosa, pues si tiene alguno, debe ejercitarlo ante los Tribunales.

"Aún admitiendo que, según parece insinuar la prueba de la demandada, ésta venía verificando actos de posesión al igual que el demandante en el área de terreno ahora en discusión, nos parece que debe mantenerse la situación de hechos pre-existente."

Con excepción del criterio expresado en el último párrafo, la apreciación de los hechos y la ley de la corte sentenciadora resiste las hábiles impugnaciones que contiene el alegato de la parte apelante.

Si la prueba demostrara que la situación no era de plena posesión por parte del demandante un año antes de la interposición de la demanda, sino de una posesión compartida de hecho entre demandante y demandada, no sería el procedimiento escogido el apropiado para dilucidar el conflicto, y la demanda hubiera debido declararse sin lugar. *Richardson* v. *Martínez*, 35 D.P.R. 1036.

Algo nos hizo vacilar en ese sentido la propia declaración del demandante como dejamos expuesto, pero un examen cuidadoso de toda la prueba practicada nos lleva a concluir que era el demandante el que con anterioridad al 22 de diciembre de 1926 tenía la plena posesión del pequeño pedazo de tierra en discusión. Hay un hecho de gran importancia para decidir el conflicto y es la existencia de la antigua cerca de mayas y alambres admitida finalmente por el mismo agrimensor de modo tal que revela que había sido levantada cuando fué a practicar el deslinde.

*Debe confirmarse la sentencia recurrida.*