GENOVEVA MARÍA HERNÁNDEZ, demandante y apelante, *v.* EL ALCALDE MUNICIPAL DE LAS PIEDRAS, ADOLFO SÁNCHEZ, demandado y apelado.

No. 5091.—*Sometido:* Abril 9, 1930. *Resuelto:* Mayo 27, 1930.

*González Fagundo & González Jr.,* abogados de la apelante; *Bolívar Pagán,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Doña Genoveva María Hernández estableció demanda de *injunction* contra Adolfo Sánchez, Alcalde de las Las Piedras, alegando que el 17 de septiembre de 1925 se encontraba en posesión material, y lo estaba el 13 de marzo de 1929, de una finca urbana que describe, situada en Las Piedras; que el dicho 13 de marzo de 1929 el alcalde ordenó a ciertos trabajadores que penetraran en la finca y levantaran su cerca, ocupando una superficie como de diez metros cuadrados que describe, perturbándola y despojándola así, contra su voluntad y sin su consentimiento, del disfrute pacífico de su posesión.

Basándose en todo ello pidió a la corte que dictara sentencia condenando al demandado a restablecerla en su posesión y ordenándole que por sí, sus agentes y empleados, se abstuviera de volverla a perturbar bajo pena de desacato, con imposición de costas.

La vista del caso fué suspendida varias veces celebrándose finalmente con la sola comparecencia de la demandante. Se practicó su prueba y la corte por el resultado de la misma dictó sentencia declarando la demanda con lugar, sin especial condenación de costas.

■■ No conforme la demandante en que la sentencia se dictara sin especial condenación de costas, apeló y señala ése como el único error cometido a su juicio por la corte.

Argumentándolo invoca la sección 5 de la Ley No. 43 de 13 de marzo de 1915, que prescribe que

"La Corte dictará sentencia sin demora. Se impondrán las costas a la parte contra la cual se dictare sentencia."

La parte apelada sostiene que el criterio del juez sentenciador encuentra apoyo en la jurisprudencia de esta corte que ha resuelto que "la concesión de costas y honorarios de abogado es materia de discreción judicial exclusivamente, aun en procedimientos especiales como la impugnación de elecciones." *Candal* v. *Vargas*, 29 D.P.R. 648 y casos en él citados.

Sin embargo, cuando la ley es terminante, es ella la que

debe prevalecer, y así fué decidido, interpretando el mismo precepto legal invocado por la parte apelante, en el caso de *Solís* v. *Castro*, 36 D.P.R. 314, basándose en el de *Ortiz* v. *Silva et al.*, 28 D.P.R. 118, y en el de *El Pueblo* v. *Oms*, 35 D.P.R. 757, estableciéndose la siguiente doctrina:

"Declarada con lugar . . . una petición de *injunction* para recobrar la posesión de propiedad inmueble, deben imponerse las costas a los demandados por precepto imperativo de la Ley No. 43 de 1913 (p. 85)."

El caso del *Banco Territorial* v. *Puig*, 5 D.P.R. 137, no es aplicable. Aquí no se trata de un pleito fallado en rebeldía. Si bien es lo cierto que el municipio demandado no compareció al acto de la vista, lo es también que formuló peticiones durante la tramitación del litigio. Si nada tenía que oponer a lo alegado en la demanda, debió haberse allanado. La prueba debe presumirse que demostró los actos de perturbación que se le atribuían, cuando la demanda fué declarada con lugar.

Ahora bien, en la invasión del derecho posesorio puede existir una mayor o menor gravedad y en la defensa en el pleito grados distintos de temeridad. Todo ello puede apreciarse por la corte al imponer las costas simplemente o al excluir de ellas los honorarios de abogado o una parte de los mismos. El mandato de la ley es que se impongan las costas, pero la discreción de la corte puede ejercitarse de acuerdo con las circunstancias concurrentes en lo que respecta a los honorarios de abogado.

La transcripción no incluye la prueba practicada. No estamos, por tanto, en condiciones de dictar la sentencia que debió dictar la corte de distrito. No conocemos la totalidad de los hechos. Siendo ello así, *el caso debe devolverse a la corte de su origen para que modifique su sentencia incluyendo en ella el pronunciamiento de costas en la forma que procediere en justicia.*