Ramón P. Díaz García, demandante y apelante, *v.* Joaquina Annexy de Navarro, demandada y apelada.

No. 6281.—*Sometido:* Marzo 7, 1934. *Resuelto:* Marzo 16, 1934.

*R. Díaz Collazo,* abogado del apelante; *S. O'Neill,* abogado de la apelada.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Se trata de un pleito sobre *injunction* para recobrar la posesión de cierta faja de terreno establecido invocando las disposiciones de la Ley No. 43 aprobada en marzo 13, 1913 (pág. 85), y enmendada por la número 11 de noviembre 14, 1917 (pág. 221) según sostiene la parte demandante y apelante en su alegato y según se entendió por la parte demandada y apelada y por la propia corte de distrito.

La parte demandada excepcionó y contestó la demanda. Fué el pleito a juicio. Ambas partes practicaron su evidencia, inspeccionando el propio juez sentenciador la faja de tierra en disputa.

El fallo dictado fué adverso al demandante que apeló para ante esta Corte Suprema, señalando en su alegato la comisión de seis errores. Por los señalamientos 2, 3 y 4 se imputa a la corte error en la apreciación de la prueba; por el primero, error al haber sostenido que la que estaba envuelta era más bien una cuestión de propiedad que de posesión; por el quinto, error al declarar "que la demanda se aparta un tanto de los cánones establecidos para esta clase de acción," y por el sexto, error al no excluir los honorarios de abogado de las costas impuestas al demandante. Se imputa además a la corte sentenciadora pasión, prejuicio y parcialidad.

Hemos estudiado cuidadosamente las alegaciones y las pruebas y a nuestro juicio bajo cualquier aspecto que el caso se considere la sentencia debe confirmarse.

Creemos que no sólo estuvo en lo cierto el juez sentenciador al expresar finalmente que la demanda se apartaba un tanto de las reglas establecidas para el ejercicio de la acción posesoria, si que tal vez debió desde un principio declarar con lugar las excepciones previas formuladas por la parte demandada alegando la falta de hechos suficientes, y la ambigüedad, ininteligencia y duda de la demanda.

También consideramos acertada la apreciación del juez de distrito en cuanto a que lo que surge de los autos es más bien un conflicto sobre propiedad que sobre posesión.

Y por lo que a la posesión respecta, la evidencia aportada no fué apreciada a nuestro juicio con pasión, prejuicio y parcialidad en favor de la demandada, sino rectamente. Parece conveniente oír al propio juez sentenciador. Se expresó así en la relación del caso y opinión que sirve de base a su sentencia:

"Depuso el demandante ser dueño de una casa sita en Manatí que colinda por el oeste con otra de la demandada, en la cual reside desde el año 1919; que entre su casa y la de la sucesión Annexy existe un callejón que, según su entender pertenece a su patio; que por información le consta que el señor Gandía Córdova mantenía la puerta del callejón cerrada y que la familia Annexy tiene ventanas en la parte baja de su casa hace como diez años, las cuales dan a dicho callejón. El señor Gandía Córdova testificó haber sido dueño de esa casa durante diecisiete años y haberla transferido al demandante; que su solar comprende el callejón que queda al oeste y separa la casa del demandante de la de las Annexy; que la demandada mandó a quitar el portón y antes había ordenado se pintase; que la demandada se adueñó del callejón hace como diez años a pesar de que él le manifstó que lo llevase al tribunal; que el callejón no da acceso al patio de la casa del demandante y ésta no tiene puertas hacia el callejón, sólo tiene ventanas y hace como ocho años que la demandada convirtió unas ventanas de su casa que daban hacia el callejón en puertas que dan acceso al mismo.

"La prueba testifical de la demandada tendió a evidenciar que

su casa tiene puertas accesibles por el callejón desde hace más de cuarenta años y que, con anterioridad a la edificación de la casa del señor Gandía, la familia Annexy tenía un gallinero en el callejón.

"El juez efectuó una inspección ocular el mismo día de la vista y en ella observó el susodicho callejón y todas las características que le rodean. La casa del señor Díaz es de dos plantas; él ocupa los altos y el señor Gandía Córdova los bajos y esta planta baja tiene varios huecos de ventanas a la altura de un metro del suelo que toman luz de dicho callejón. En cambio, la casa de la familia Annexy tiene varias puertas accesibles por dicho callejón. Esto demuestra que los ocupantes de la planta baja del edificio de la familia Annexy pueden entrar y salir por el callejón sin dificultad alguna, mientras que los que residen la casa del demandante para tener acceso al callejón necesitarían saltar por una de las ventanas. Otra de las cosas observadas por el juzgador y que hubo de herir su atención es: que la residencia de la familia Annexy es bastante antigua; no así la del demandante, construída de bloques de concreto que se aprecia a primera vista ser de relativa reciente construcción.

"La prueba del demandante es extremadamente frágil y, a nuestro juicio, no demostró la posesión del callejón debatido en ningún momento con anterioridad a la presentación de la demanda. El demandante no sabe nada de conocimiento propio. Todo cuanto sabe respecto de este caso es por información y su principal testigo, el señor Gandía Córdova, quien edificó la casa que hoy pertenece al demandante y reside en los bajos de la misma, se encargó de demostrar precisamente lo contrario, o sea, que la demandada ha venido en posesión de dicho callejón desde hace diez años. En contraposición a esta prueba, la demandada evidenció estar en posesión del pasaje desde hace muchos años y, a mayor abundamiento, la inspección ocular efectuada por el juzgador llevó a nuestro ánimo la certidumbre de la versión aportada por la señora Annexy.

"Del conjunto de la evidencia introducida por ambas partes surge diáfanamente que la esencia de esta controversia está en que cada uno de los litigantes alega que el callejón disputado forma parte de su solar. Se ve esto, cuando el señor Gandía Córdova manifestó que la demandada se había adueñado del callejón hace como diez años a pesar de que él le dijera que lo llevara al tribunal para ello. Y en aquella parte de la declaración de la señora Annexy, cuando manifestó: 'Cuantas veces don Julio quiere ser dueño del callejón yo no lo dejo porque es nuestro'."

Siendo ése como es el resultado de la prueba, justifica por completo las siguientes conclusiones de derecho de la corte sentenciadora, a saber:

"Para dirimir el derecho que los litigantes puedan ostentar y les asista a la propiedad del pasaje en disputa no es pertinente, ni menos adecuado recurrir al procedimiento de injunction para recobrar. Ha sido tan reiteradamente resuelto así, que casi se ha convertido en axioma jurídico. Nuestro Tribunal Supremo, al decidir el caso de Fajardo Sugar etc. vs. Cent. Pasto Viejo, reportado al tomo 41, pág. 825, se expresó así: 'En procedimiento de injunction para recobrar posesión sólo cabe considerar y resolver la posesión como cuestión de hecho; cuestiones relativas al derecho o título con que se posee no son propias del mismo.' Véase también los siguientes casos: Fernández v. González, 41 D.P.R. 726; Vicente vs. Ortiz, 38 D.P.R. 106; Echevarría vda. de Subirá vs. Saurí, 38 D.P.R. 737."

La imposición de las costas con inclusión de honorarios de abogado era inevitable, atendidas todas las circunstancias concurrentes. No hubo error.

*Debe confirmarse la sentencia recurrida.*