Núm. 7057.—Luciano, aplda. v. Torres, aplte.—C. D. Ponce. Julio 24, 1937.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, los únicos señalamientos de error son los siguientes:

"1. La corte inferior cometió error grave y perjudicial para este demandado apelante, al considerar como consideró probado, que la demandante Eustacia Luciano, se encontraba disfrutando de la posesión real o física de la faja de terreno de 17 pulgadas de ancho a que se refiere la alegación séptima de la demanda.

"2. La corte inferior cometió error grave y perjudicial para este demandado apelante al apreciar y dar peso y valor a la evidencia presentada por la demandante para considerar probadas las alegaciones esenciales de la demanda e infringió los artículos 1351 y 1362 del Código Civil (Ed. 1930).

"3. La sentencia en este caso es contraria a los hechos y a la ley.

"4. La corte inferior cometió error grave y perjudicial para este demandado apelante al dictar sentencia en su contra con imposición de las costas que incluyen gastos y honorarios de abogado."

POR CUANTO, el juez de distrito en su relación del caso y opinión dijo:

"La corte, por la apreciación que ha hecho de toda la prueba en este caso, y como resultado de la inspección ocular practicada, es de opinión que se han probado, a satisfacción los siguientes hechos:

"Que los solares hoy pertenecientes a la demandante y al demandado formaban anteriormente un solo solar propiedad de Gregoria Martínez Maldonado, quien fué la que vendió primeramente el solar del demandado con la casa que ocupa y más tarde el resto del solar con las casas que ocupan a la demandante; que desde hace más de un año la demandante ha estado en posesión del solar que describe en la demanda, y que entre dicho solar y el solar del demandado no existía hasta mediados del mes de diciembre de 1934, cerca o empalizada de clase alguna que impidiera el libre tránsito entre los dos solares; que al fondo del solar de la demandante existen las pequeñas casas que se han hecho constar y descrito en el acta de la inspección ocular, y que desde que la demandante desde hace más de un año que ha estado en posesión de dicho solar, tanto ella como los inquilinos que ha tenido en dichas casas al fondo del solar, han entrado y salido por el callejón, que antes de mediados de diciembre de 1934, existía entre ambas propiedades; que a partir de mediados de diciembre de 1934, en que el demandado levantó la cerca entre su propiedad y la de la demandante, ha quedado cerrado por completo el paso que anteriormente existía entre ambas propiedades.

"Es cierto que el demandado declaró que él daba permiso a las personas que vivían en las casas al fondo del solar de la demandante para pasar por el callejón, pero sea esto como fuere, consideramos que, no habiendo existido dicha cerca con anterioridad, y habiendo un derecho aparente de servidumbre de paso establecido durante más de un año a favor de la demandante y sus arrendatarios, no estaba autorizado el demandado, sin intervención de la demandante, de acuerdo con los artículos 319 y 320 del Código Civil (Edición de 1930) a proceder al deslinde de su propiedad.

"De acuerdo con los casos de *Somonte* v. *Mimoso*, 27 D.P.R. 398 y *Richardson* v. *Martínez*, 35 D.P.R. 1036, se ha resuelto que cuando la verdadera cuestión envuelta entre las partes en una acción de *injunction* para recobrar la posesión es una de fijación de colindancias, tal cuestión no es propia para ser considerada y resuelta en dicho procedimiento especial, y, por lo tanto, no estamos resolviendo ni resolvemos nada en cuanto a cual es o deba ser la colindancia de los solares de la demandante y demandado en este caso. Si resolvemos que la demandante estaba en la posesión, tanto como el demandado, del callejón que existe entre ambas propiedades y que sin haberse efectuado el deslinde, de acuerdo con la ley, el demandado no tenía derecho a tomarse la justicia por su mano y fijar él el sitio por donde debía establecer la cerca. Se ha resuelto, asimismo en el caso de *Echevarría viuda de Subirá* v. *Saurí*, 38 D.P.R. 737, que el *injunction* para recobrar la posesión puede ser utilizado por una persona que alega que ha sido privada de la posesión o de la cuasi posesión que representa el derecho al uso de una servidumbre de paso.

"Por las razones expuestas, la corte es de opinión que procede declarar y declara con lugar la demanda en este caso, y como consecuencia, se ordena al demandado que reintegre a la demandante en la posesión y tenencia de la parcela de terreno que se describe en el hecho séptimo de la demanda, y que se abstenga en el futuro de obstaculizar a la demandante en la posesión de dicha parcela, bajo apercibimiento de desacato."

POR CUANTO, no encontramos error alguno en la apreciación de la prueba hecha por el juzgador.

POR CUANTO, no estaba ni está envuelta en el presente caso cuestión alguna de doble venta ni de título ni de derecho a la posesión de la faja de terreno en controversia, no resultando por tanto infringidos los artículos 1351 y 1362 del Código Civil (edición de 1930).

POR CUANTO, no estamos conformes con el apelante de que "en este caso no se trata de una cuestión de posesión, y sí de un asunto sobre colindancias", ni de que "no está envuelto aquí ningún asunto de cuasi posesión, y sí de una cuestión relativa a propiedad que deben litigar las partes en un procedimiento ordinario y amplio", ni de que "la demandante no tuvo nunca la posesión adversa al demandado de la faja de terreno a que quiere referirse la alegación séptima de la demanda, esto es, ella no disfrutó de una posesión actual, notoria, abierta y continua que le pueda dar derecho al ejercicio de la acción extraordinaria del *injunction* para recobrar o retener la posesión", no siendo por tanto aplicable la doctrina de *Díaz* v. *Annexy*, 46 D.P.R. 366 y otras autoridades citadas por el apelante en apoyo de su tercer señalamiento.

POR CUANTO, no encontramos que el juez de distrito haya cometido error alguno en la imposición de las costas. Véanse: *Ortiz* v. *Silva*, 28 D.P.R. 417, *Solís* v. *Castro*, 36 D.P.R. 314 y *Hernández* v. *Sánchez*, 41 D.P.R. 72.

POR TANTO, se confirma la sentencia apelada que dictó la Corte de Distrito de Ponce en 13 de marzo de 1935.

El Juez Asociado Sr. Córdova Dávila no intervino.