Núm. 7130.—MÉNDEZ, apldo. *v.* TORRES, ET ALS., apltes.—C. D. Ponce. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Julio 24, 1937.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, los únicos errores señalados por los apelantes son:

"1. Cometió error grave y perjudicial para los demandados la corte inferior al denegar como denegó la excepción previa interpuesta por los demandados contra la demanda en este caso por el fundamento de no alegar hechos bastantes para determinar causa de acción la demanda del demandante.

"2. Cometió error grave y perjudicial para los demandados la corte inferior, al admitir en evidencia y considerar y dar peso efectivo y fallar este caso a base de las declaraciones de testigos producidos por el demandante que faltando a la verdad, declararon sobre la posesión que alegó el demandante se encontraba de cierto solar que alegó dicho demandante que colindaba por el oeste con la prolongación de una calle que se llamaba .Bertoly, cuando lo cierto y verdad es que ese predio de terreno no colindaba con esa calle ni con ninguna otra en ese sitio, y se trataba de una invención preparada al efecto por esos testigos y el demandante que así declararon en la corte inferior para crear, imaginar,. extender y situar una calle denominada prolongación de la Calle Bertoly nunca abierta y nunca existente, como hecho real y positivo.

"3. La corte inferior cometió grave error y perjudicial para esta parte demandada al considerar y dar peso y efecto y fallar este caso a base de evidencia que no sostiene el alegado derecho de posesión real del demandante al respecto de encontrarse en posesión real de un terreno que nunca estuvo cercado, ni deslindado según la prueba del propio demandante, cuya posesión real, según puede apreciarse por toda la evidencia resulta común para distintas y varias personas, pero que por la prueba de los demandados y por lo consignado por la corte inferior como resultado de su inspección ocular, la posesión física de ese terreno durante el año anterior al ejercicio de esta acción la tenían los demandados.

"4. La corte inferior cometió error grave al considerar y dar peso y efecto y fallar este caso a base de una inspección ocular hecha por el mismo juez que falló este caso que expresa todo lo contrario a lo que declararon los testigos de la parte demandante, y al resultado expreso de esa inspección hecha por el propio juez.

"5. La corte inferior cometió error grave y perjudicial para la parte demandada al apreciar en conjunto la evidencia, cometiendo grave error y· perjudicial para esta parte apelante en la apreciación de la misma y al decidir y determinar, que el demandante se encontraba en la posesión física de cierta faja de terreno que formaba parte de un solar de mayor cabida que nunca estuvo cercado, ni deslindado y por el cual según resulta de la propia prueba del demandante, distintas personas transitaban por ese predio de terreno sobre el cual nunca existió cerca o empalizada alguna que lo dividiera de los demás terrenos colindantes, sobre todo en la colindancia oeste del mismo.

"6. La corte inferior cometió error grave y perjudicial para la parte demandada, al considerar que el procedimiento extraordinario de *injunction* para recobrar o retener la posesión era el remedio para determinar los derechos de una parte demandante, que lo que alegaba, era asunto relativo a colindancias y su prueba toda versó sobre ese particular, y no sobre un hecho efectivo de posesión real sobre determinado inmueble durante el año anterior a la interposición de la demanda.

"7. La sentencia en este caso es contraria a la prueba y a derecho.

"8. Cometió error grave y perjudicial para estos demandados apelantes la corte interior, al imponer las costas y honorarios de abogado a estos demandados."

POR CUANTO, en el alegato de los apelantes no se discute la primera de las cuestiones así levantadas ni se indica en qué consiste la supuesta falta de hechos suficientes para constituir una causa de ac-

ción, y de una lectura de la demanda enmendada tampoco se desprende la supuesta falta de hechos suficientes para determinar una causa de acción.

Por cuanto, en el alegato de los apelantes se discuten los supuestos errores números dos, tres, cuatro y cinco en conjunto sin haberse demostrado, a nuestro juicio, error tan manifiesto en la apreciación de la prueba que exija una revocación de la sentencia apelada, no siendo afectado el resultado por la cuestión de si la Calle Bertoly había sido o no abierta, extendida o prolongada de tal modo que actualmente formaba la colindancia oeste del predio poseído por el demandante.

Por cuanto, no estamos conformes con los apelantes en que todo lo alegado y probado por el demandante se contraía a la cuestión de colindancia y no a la de posesión real de la faja de terreno en controversia durante el año anterior a la interposición de la demanda, ni en que la sentencia en este caso sea contraria a la prueba y a derecho, tal como se alega en los señalamientos seis y siete.

Por cuanto, tampoco cometió la corte de distrito el error imputádole en el octavo señalamiento. Véanse: *Ortiz* v. *Silva,* 28 D.P.R. 417; *Solís* v. *Castro,* 36 D.P.R. 314 y *Hernández* v. *Sánchez,* 41 D.P.R. 72.

Por tanto, se confirma la sentencia dictada por la Corte de Distrito de Ponce en 30 de enero de 1934.

El Juez Asociado Sr. Córdova Dávila no intervino.