José Valentín Estremera, demandante y apelado, *v.* Luis Ríos Flores, demandado y apelante.

Núm. 8110.—*Sometido:* Junio 6, 1940. *Resuelto:* Junio 10, 1940.

*José Veray, Jr.,* abogado del apelante; *Buenaventura Esteves,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El demandante, dueño de dos fincas rústicas colindantes con otra del demandado, instó este pleito para recobrar la posesión de dos parcelas correspondientes a dichas fincas, de las cuales alegó haber sido violentamente privado por el demandado tres meses antes de la radicación de la demanda. La evidencia fué contradictoria. La del demandante tendió a demostrar que hacía varios años estaba en posesión de las dos fincas que describe en la demanda y como parte integrante de las mismas, de las dos parcelas que también describe, ejercitando sobre ellas actos de dominio y cultiván-

dolas, etc.; que una de las fincas estaba separada de la del demandado por una cerca de alambre de púas y que entre la otra y la del demandado no existía cerca alguna; que como tres meses antes de la radicación de la demanda el demandado removió la cerca a que se ha hecho referencia y la tendió más allá de la colindancia con el demandante, privando así a éste de una de las parcelas cuya posesión reclama, y que en la otra finca tendió otra cerca de alambres, introduciéndose en igual forma en terrenos del demandante; que este último derribó dichas cercas por medio de peones que utilizó a ese efecto; que el demandado denunció dichos peones por un delito de daños maliciosos y habiendo sido absueltos, una semana después el demandado, armado de un revólver y un machete y asistido de un peón también armado de machete, restableció la cerca por el mismo sitio donde antes la había tendido; que al venir el demandante y protestar de que tal cerca se tendiese por sus terrenos, el demandado lo amenazó con hacer uso de las armas si alguien se atrevía removerlas, por lo que el demandante optó por recurrir a este pleito de *injunction*.

La del demandado admite que tendió la cerca, pero niega que lo hiciera violentamente, asegurando además que la había puesto exactamente donde existía la cerca anterior que estaba en el suelo, y que la nueva que puso entre la otra finca, donde antes no existía, fué tendida en la colindancia de ambas fincas.

La corte inferior, que vió y oyó declarar a los testigos, dió crédito a los del demandante y declaró con lugar la demanda, dejando así resuelto el conflicto de la prueba.

Alega el demandado que la corte sentenciadora erró en la apreciación de la prueba. Empero, siendo ésta contradictoria, y puesto que la del demandante sostiene la sentencia dictada, no alteraremos en este recurso la conclusión a que llegó la corte *a quo,* en ausencia de una demostración de error manifiesto o de que al así apreciar la prueba actuara movida por pasión, prejuicio o parcialidad, lo que no resulta de los autos.

■ Se alegó en la demanda que cada una de las fincas del demandante estaba separada de la del demandado por una cerca de alambres. Sin embargo, la prueba del demandante, como hemos visto, admitida sin oposición por la parte contraria, demostró que una de las fincas no estaba cercada originalmente. Solicitó el demandante que se entendiese enmendada la demanda para conformarla a la prueba, en lo que a dicho particular respecta. Se opuso el demandado y la corte decidió posponer su resolución para cuando considerase toda la evidencia, de lo que tomó excepción el demandado. Luego, implícitamente permitió la corte la enmienda al dictar sentencia a favor del demandante. Se queja el demandado de que la corte erró al posponer su resolución hasta el momento de dictar sentencia, y que tal enmienda era improcedente, puesto que variaba la causa de acción.

Si el demandado removió la cerca o si la puso nueva, en nada afecta la resolución del caso. Lo esencial dentro de la acción ejercitada es que el demandante haya sido privado de la posesión en que se hallaba de dichas parcelas dentro del año inmediatamente anterior a la presentación de la demanda. Por consiguiente, no vemos qué importancia puede tener, a los efectos de este caso, que la corte permitiera la enmienda en el momento de solicitarla el demandante; que la hubiese permitido, como lo hizo, al dictar sentencia, o que no la hubiera permitido, pues se trata de una cuestión completamente irrelevante.

En el caso de *Richardson* v. *Martínez*, 35 D.P.R. 1036, que invoca el demandado apelante, el demandado venía en posesión, por espacio de varios años, de la finca que trataba de recobrar el demandante. Por consiguiente, el remedio de *injunction* no era el procedente, y siendo ello así, dicho caso no es de aplicación al de autos.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Presidente Sr. Del Toro no intervino.