## EL PUEBLO, DEMANDANTE Y APELADO, *v.* ARROYO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao, en causa por acometimiento y agresión con circunstancias agravantes.

No. 1497.—Resuelto en abril 30, 1920.

NUEVO JUICIO—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—El Tribunal Supremo no revocará una orden concediendo o negando un nuevo juicio a menos que se demuestre abuso de discreción por parte de la corte sentenciadora.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. F. Cervony Gely.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Antonio Arroyo fué acusado por el Fiscal del Distrito de Humacao de haber atentado contra la vida de Jaime González. Alegó su inocencia y solicitó juicio por jurado. Se celebró la vista y el jurado lo declaró culpable de acometimiento y agresión, delito necesariamente comprendido en el de atentado a la vida, y la corte lo condenó a pagar doscientos dólares de multa, y en su defecto, a sufrir un día de cárcel por cada dólar, no debiendo exceder la prisión de noventa días.

Antes de dictarse la sentencia, el acusado solicitó un nuevo juicio basándose en el descubrimiento de nuevas pruebas. La corte negó la solicitud.

El acusado apeló de la resolución denegatoria del nuevo juicio y de la sentencia. Ambos recursos se tramitaron conjuntamente.

No existe pliego de excepciones, ni relación de pruebas. Las nuevas pruebas descubiertas consistían en declaraciones tendentes a impugnar la veracidad de testigos que depusieron en el juicio.

Bajo tales circunstancias y no habiéndose alegado en forma tal que satisfaga a la corte que las dichas declaraciones no pudieron ser descubiertas con anterioridad al juicio, estimamos que no erró el tribunal sentenciador al actuar en la forma en que lo hizo.

Desde 1904 este tribunal, por medio de su Juez Asociado Sr. MacLeary, en el caso de *El Pueblo* v. *Milán,* estableció la siguiente doctrina:

"El acusado que solicita la concesión de un nuevo juicio fundado en el descubrimiento de nuevas pruebas, no sólo ha de presentar declaraciones juradas que acrediten cuales fueron dichas pruebas, sino que debe expresar también bajo juramento que no le fué posible presentar tales pruebas en el juicio, aduciendo las razones

que le impidieren hacerlo así, y expresando las diligencias que practicara para obtenerla's antes del juicio, a fin de que el tribunal pueda apreciar si desplegó la mayor actividad posible para el descubrimiento de dichas pruebas.''

Habiendo luego, en 1910, también por medio de su Juez Asociado Sr. MacLeary, en el caso de *El Pueblo* v. *Español,* 16 D. P. R. 215, sentado la siguiente jurisprudencia:

"Las mociones de nuevo juicio fundadas en pruebas recientemente descubiertas, son por lo general aceptadas con desconfianza y desinclinación por los tribunales.

"Cuando la moción de nuevo juicio se funda en pruebas recientemente descubiertas y cuando de las declaraciones juradas presentadas se deduce que aquellas son impertinentes o tienden únicamente a tachar la veracidad de los testigos de cargo, debe denegarse la moción.''

Además, como se expresó por esta corte recientemente en el caso de *El Pueblo* v. *Soto,* 26 D. P. R. 447, citando el caso de *People* v. *Mallicoat,* 149 Pac. 1000, "una orden por la que se conceda o deniegue el nuevo juicio no será alterada a menos que se haga manifiesto abuso de discreción", y aquí el acusado, que no compareció al acto de la vista del recurso, ni presentó alegato alguno en apoyo del mismo, no ha demostrado que la corte de distrito al negarle el nuevo juicio abusara de su discreción.

Hemos examinado la acusación, el veredicto del jurado, las instrucciones de la corte y la sentencia apelada y no encontramos que se haya cometido error alguno. A juzgar por las instrucciones, hubo testimonios directos imputando al acusado la comisión del delito y la prueba de la defensa consistió principalmente en declaraciones tendentes a demostrar que no se encontraba presente en el sitio del suceso en el momento en que éste ocurrió. El jurado, dentro de sus facultades, dirimió el conflicto, después de haber recibido amplísimas instrucciones del juez de distrito sobre el particular.

Procede en su consecuencia confirmar la resolución y la sentencia apeladas.

*Confirmada la resolución y sentencia apeladas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.