ELEUTERIA VÁZQUEZ, demandante y apelada, v. JUAN RIVERA LÓPEZ DE VICTORIA, demandado y apelante.

No. 4259.—*Visto:* Febrero 24, 1928. *Resuelto:* Marzo 6, 1928.

1. APELACIÓN Y ERROR—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—OBJECIONES Y MOCIONES, Y RESOLUCIONES SOBRE LAS MISMAS—CUESTIONES RELATIVAS A LAS ALEGACIONES EN GENERAL—DEFECTOS U OMISIONES EN ESTAS—JURAMENTO DE LAS ALEGACIONES.—Cuando una demanda enmendada no está jurada al ser notificada al demandado, tal objeción no se levanta al admitir la corte dicha alegación en el juicio y del récord aparece que medió acuerdo entre las partes para admitir aquélla, dicha objeción no sólo es inconsistente con la conducta de las partes sino tardía en apelación.

2. INJUNCTION—MATERIAS OBJETO DE PROTECCIÓN Y REMEDIO—BIENES, TRASPASOS Y GRAVÁMENES—INJUNCTION PARA RECOBRAR POSESIÓN—DE LA DEMANDA—EN GENERAL.—Cuando, en procedimiento de injunction para recobrar posesión, la demanda alega el origen o título de la posesión del demandante, el medio de objetar la corrección de tal alegación es por moción para eliminar y no por excepción previa.

3. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTOS Y CONCLUSIONES—APRECIACIÓN DE LAS PRUEBAS—EN GENERAL.—En materia de apreciación de prueba es necesario demostrar que el tribunal inferior incurrió en error por causa de pasión, parcialidad o prejuicio o craso error esencial para que el Supremo pueda intervenir en dicha apreciación.

4. INJUNCTION—MATERIAS OBJETO DE PROTECCIÓN Y REMEDIO—BIENES, TRASPASOS Y GRAVÁMENES—INJUNCTION PARA RECOBRAR POSESIÓN—CUESTIONES A CONSIDERAR Y RESOLVER.—En procedimiento de injunction para recobrar posesión, la posesión del demandante, y no su título a la propiedad de que se trata, es la cuestión a probar y resolver.

SENTENCIA de *R. López Antongiorgi,* J. (Guayama), declarando con lugar la demanda, con costas. *Confirmada.*

*Adolfo Porrata Doria,* abogado del apelante; *Miguel Marcos Morales,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante la Corte de Distrito de Guayama se siguió este procedimiento de *injunction* para recobrar la posesión, a virtud de demanda de Eleuteria Vázquez, en la que alegó sustancialmente hallarse desde hace más de treinta años, y hasta la fecha de 26 de julio de 1926, en posesión de una finca de 14 cuerdas de terreno en el Barrio Beatriz, término municipal de Cayey, cuya finca se describe; y que en la citada fecha 26 de julio de 1926, el demandado Juan Rivera

López de Victoria penetró en tal finca, sin el consentimiento, y contra la voluntad de la demandada, y tendió una cerca abarcando ocho cuerdas de terreno parte de la citada finca, de la posesión de las cuales ha privado a la demandante.

El demandado, por lo que resulta del récord taquigráfico, parece que excepcionó la demanda. La excepción no se ha copiado en el legajo de sentencia. Aparece del legajo la contestación del demandado en la que niega la posesión de la demandante y la perturbación y despojo que en la demanda se alegan, y como materia de oposición, alega ser dueño de, y poseer, una finca radicada en el Barrio de Beatriz, término municipal de Cayey, de ocho cuerdas de terreno, cuyas colindancias fija, y expresa el título de adquisición, y la posesión de su causante.

Al empezar el juicio en este caso el abogado de la demandante manifestó a la corte que tenía noticia de que el demandado tenía preparada excepción previa, y que de acuerdo con él, iba a enmendar la demanda, para describir con exactitud las ocho cuerdas ocupadas por el demandado; a esta petición se allanó expresamente el demandado, si bien no retiró la excepción, haciéndose constar que de mutuo acuerdo se admitió la excepción, y también de mutuo acuerdo se admitió la enmienda a la demanda.

La prueba en este caso fué un tanto larga; y fué sobre todo, contradictoria. Se insistió mucho en presentar documentos y títulos que no eran pertinentes en un caso de posesión; y en gran parte de los interrogatorios la cuestión de propiedad parecía ser la única en debate.

La Corte de Distrito de Guayama decidió el caso en favor de la demandante. El conflicto de prueba fué resuelto en favor de la demandante.

La sentencia de dicha corte de distrito tiene fecha 28 de enero de 1927 y contra ella se interpuso el presente recurso de apelación. Se han señalado por el demandado y apelante cuatro errores, que quizá pueden reducirse a dos.

El primer error atribuido a la sentencia se refiere a no

haber resuelto con lugar la excepción previa de falta de hechos suficientes para determinar causa de acción.

[1] Al argumentar este error el apelante sostiene que la demanda enmendada no estaba jurada cuando se le notificó al demandado. Del récord del caso aparece que tal alegación se halla jurada, en la misma fecha en que se presentó, si bien el juramento aparece después de la orden de la corte admitiendo la alegación. De todas maneras, lejos de levantarse en aquel momento, en el juicio, objeción alguna por la razón expresada, aparece del récord que existió un acuerdo entre las partes para admitir tal demanda enmendada; y ahora sería tardía, y contradictoria en la conducta del demandado, la objeción que presenta.

Sosteniendo esta alegación de error, el apelante trató la cuestión de posesión natural y posesión civil, como base de su excepción. Parece que el apelante confunde la posesión natural con la posesión actual, que es la que la ley requiere en este procedimiento.

Como alegación, en la demanda enmendada se hace la de que la demandante posee la finca de que se trata, desde hace más de treinta años, a título de dueña, y por herencia paterna. Quizá sobre en esta alegación lo que se refiere a origen o título de esa posesión. Pero si así fuera, el medio de objetar la corrección de tal alegación, no es la excepción previa, sino la moción eliminatoria.

La cuestión de la posesión natural y la posesión civil, no se halla correctamente propuesta en la excepción previa; y pudo suscitarse en otra forma en el juicio.

El primer error que el apelante señala, no existe.

[2] El segundo error señalado consiste, según el apelante, en que se dictó sentencia mandando restablecer a la demandante en la posesión de las ocho cuerdas del demandado.

El tercer señalamiento de error consistente en conceder a la demandante el remedio de *injunction,* resolviendo a su favor el conflicto de título.

Y el cuarto señalamiento de error al conceder el *injunction* basándose en una cuestión de colindancia.

[3] En el terreno de la realidad, lo que en la argumentación de los señalamientos de error, se discute, es la apreciación de la prueba en el caso. Y, aparte de que la corte ha apreciado la prueba con toda discreción y acierto, es doctrina constante de este tribunal, que en materia de apreciación de la prueba sería necesario demostrar que el tribunal inferior incurrió en error por causa de pasión, parcialidad o prejuicio, o en craso y evidente error esencial para que tuviéramos que intervenir en tal apreciación de prueba.

[4] No encontramos que la Corte de Distrito de Guayama haya mandado en la sentencia que se restablezca a la demandante "en la posesión de las ocho cuerdas de terreno del demandado." La corte ha resuelto que las ocho cuerdas de terreno de que se trata estaban en la posesión de la demandante, que fué privada de tal posesión por el demandado, según la estimación que de la prueba hizo la corte. El apelante al argumentar este segundo extremo se limitó a exponer lo que él cree que es la mejor apreciación de la prueba en el caso, y sí alega que la demandante no ha probado su título. No tenía que probar la demandante otra cosa que su posesión. El título no es materia de esta clase de procedimientos, según repetidas veces ha declarado por la jurisprudencia, confirmando la letra y el espíritu de la ley especial de estos casos. *Ortiz* v. *Silva*, 28 D.P.R. 386.

En cuanto al tercer señalamiento, le es de aplicación cuanto acabamos de decir. El apelante argumenta acerca de la prueba y su efecto, y acerca del título de propiedad.

El señalamiento del cuarto error, adolece de una seria equivocación del apelante. Se dice por éste que la corte concedió el remedio de *injunction* sustentada en el hecho de la fijación de una colindancia. No encontramos en la opinión o en la sentencia nada que justifique tal aserto.

Es verdad que en este caso, para la determinación de la finca cuya posesión alega la demandante, se ha hablado

muchas veces de una quebrada, que era, o colindancia natural, o línea divisoria con respecto a otras fincas. Pero esta cuestión de hecho no ha sido la resuelta en la sentencia, ni puede decirse, leyendo la opinión, que la Corte de Distrito de Guayama haya resuelto una cuestión de colindancia en este caso. En el caso *Richardson* v. *Martínez,* de este tribunal, la cuestión era diferente de la aquí resuelta.

*Debe confirmarse la sentencia apelada.*