AVELINO VICENTE Y GONZÁLEZ, demandante y apelante, *v.* PEDRO N. ORTIZ, COMISIONADO DE SANIDAD INSULAR, demandado y apelado.

No. 3976.—*Visto:* Marzo 18, 1927. *Resuelto:* Abril 28, 1928.

*De la Torre & Ramírez* y *L. Feliú,* abogados del apelante; *George C. Butte, Attorney General,* y *C. Llauger Díaz* y *Arturo Ortiz Toro,* y *Luis Samalea, Sub-Procuradores,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Don Avelino Vicente y González presentó en la Corte de Distrito de San Juan una petición jurada de *injunction* para recobrar la posesión, dirigïda contra el Comisionado de Sanidad Insular don Pedro N. Ortiz, alegando que dentro del año precedente a su demanda tiene la posesión real y material de una finca de 140 cuerdas cuya descripción hace, radicada en la Sección Sur del barrio de Santurce de esta ciudad, siendo colindante por el sur con el caño de Martín Peña, y que el demandado algunos días antes de la demanda empezó a construir por sus empleados y agentes una cuadra

o establo en dicha finca en un lote de terreno de ella que colinda por sus cuatro puntos cardinales con terreno de la expresada finca del demandante.

El demandado contestó la demanda negando por falta de información y creencia que el demandante tenga la posesión de la finca que describe en su demanda, aunque admitiendo que posee una finca que colinda con terrenos y manglares del Pueblo de Puerto Rico: negó que por sus agentes y empleados haya empezado a construir un establo en terreno comprendido dentro del perímetro de la finca descrita en la demanda y, en contrario, alegó que El Pueblo de Puerto Rico es dueño en el mismo barrio de una finca de 464 cuerdas y 52 centímetros de otra cuya descripción hizo, colindante por el Norte con don Avelino Vicente y por el Sur con el caño de Martín Peña, de la que forma parte una parcela de 26 hectáreas 58 áreas y 11 centiáreas, cuyo lindero por el Norte es don Avelino Vicente, que fué deslindada en 1923 con la intervención del demandante; parcela cuya posesión tiene El Pueblo de Puerto Rico desde antes de 1923 y actualmente, y dentro de la cual empezó a construir el establo a cuatro metros de la colindancia de don Avelino Vicente, quien nunca ha estado en posesión del trozo de terreno en que se fabricaba el establo: y negó que don Avelino Vicente haya sido perturbado o despojado por el demandado o sus empleados de propiedad alguna.

El demandante solicitó de la corte inferior que ordenase la eliminación de todos y de cada uno de los párrafos de esa contestación y de todas sus alegaciones por ser inmateriales, impertinentes e insuficientes para constituir defensa, pero esa petición fué negada y entonces interesó de la corte que dictase sentencia contra el demandado por las alegaciones, lo que también le fué negado; y celebrado el juicio la corte dictó sentencia declarando sin lugar la demanda, siendo su principal fundamento que el establo en cuestión se empezó a construir en terreno poseído por El Pueblo de Puerto Rico

y cuya posesión física y material ha tenido por más de tres años el Comisionado del Interior por sus agentes, sin haber sido interrumpido en ella por otras personas ni por el demandante.

En la apelación que contra esa sentencia ha interpuesto don Avelino Vicente alega cuatro motivos de error, siendo el primero por haberse negado la corte inferior a eliminar las alegaciones de la contestación: el segundo por no haber dictado sentencia contra el demandado por los méritos de las alegaciones: el tercero por haber permitido que el demandado presentase prueba tendente a demostrar deslindes, mensuras, títulos y supuestos derechos de propiedad en un tercero que no era parte en el litigio: y el cuarto por ser el fallo contrario a la ley y a los hechos.

■■■ Hemos extractado al principio lo esencial de las alegaciones de la demanda y de la contestación y por ellas puede verse que la contestación controvierte las alegaciones de la demanda, pues diciéndose en ésta que el demandante estaba durante el año anterior a la presentación de la demanda en la posesión real y material de una finca de 140 cuerdas con 90 céntimos en el barrio de Santurce de esta ciudad y que el demandado le ha privado de una porción de ella enclavada dentro de dicha finca, en la cual porción empezó la construcción de un establo, el demandado no sólo niega la posesión alegada por el demandante y los actos de despojo que se le atribuyen sino que además afirma que la cuadra empezó a ser construida en terrenos poseídos por El Pueblo de Puerto Rico con más de un año de antelación a la demanda, a cuatro metros de su colindancia con don Avelino Vicente. Es cierto que el demandado alega posesión a favor de El Pueblo de Puerto Rico pero puede hacerlo así porque él ha sido demandado como Comisionado de Sanidad Insular, o sea, como uno de los jefes de los departamentos del gobierno de Puerto Rico, y en tal carácter puede alegar posesión a favor de El Pueblo de Puerto Rico. El demandado

negó haber comenzado a construir la cuadra en terrenos poseídos por el demandante y luego afirmó que comenzó la construcción de dicha cuadra en terrenos poseídos por El Pueblo de Puerto Rico, pero a nuestro modo de ver esa negativa y esa afirmación no equivalen a una aceptación de los hechos de la demanda, pues aun cuando admite la construcción del establo niega que fuera hecho en terrenos poseídos por el demandante, que es la materia de este pleito, suscitando así la ·cuestión de posesión del terreno ocupado por la cuadra. Asimismo es verdad que el demandado alegó en su contestación título de propiedad del Pueblo de Puerto Rico a los terrenos por él poseídos, planos de sus fincas y deslinde hecho de ellos, materia que era impropia en este procedimiento, y que debió ser eliminada, pero el no haber sido eliminados esos particulares no es motivo para que revoquemos la sentencia apelada pues no han causado perjuicio alguno al apelante ya que la corte inferior dijo en varias ocasiones durante el juicio que sólo había en controversia una cuestión de posesión y no de propiedad y que no .tendría en cuenta los planos, por lo que tales alegaciones y la prueba de ellos no han podido ·influir ni' influyeron en la decisión de este asunto. Además, el propio demandante hizo una descripción de toda la finca de él y presentó en el juicio un plano de una parte de la misma que fué hecho pocos días antes de la celebración del 'juicio.

■■■ En vista de que el procedimiento de *injunction* para recobrar la posesión se está convirtiendo en pleitos sobre propiedad alegándose títulos, presentándose planos de las fincas y haciéndolos tan voluminosos como los pleitos de reivindicación, queremos decir una vez más, como hemos de·· clarado otras veces, que la única cuestión en estos *injunctions* es si el demandante tenía la posesión o tenencia 'material de la cosa de que ha sido perturbado o despojado en el año precedente a la presentación de la demanda y si tal despojo existió, y que la contestación debe limitarse a admitir o negar

la posesión alegada por el demandante y los actos de despojo o perturbación de que se queja, pues como la posesión como hecho, no puede estar en dos personalidades distintas a un mismo tiempo, fuera de los casos de indivisibilidad, debe ser cuestión de alegación y de prueba únicamente y de decisión por el tribunal si el demandante tenía o no la posesión y si teniéndola fué despojado de ella o perturbado en la misma por el demandado. Eso es todo en estos pleitos pues la cuestión del derecho con que se posee y la de hasta dónde lleguen las respectivas fincas no es materia propia de estos procedimientos sino de los juicios plenarios sobre propiedad, y por esto las partes y las cortes deberán limitar las presentes contiendas a la sola posesión y a su despojo o perturbación.

Todo lo que hemos dicho al considerar los dos primeros motivos de error alegados es aplicable también al tercero fundado en que la corte erró al admitir como evidencia con la oposición del demandante prueba tendente a demostrar deslindes y mensuras, títulos y supuestos derechos de propiedad en un tercero que no era parte en el litigio, tanto más cuanto que si bien se alegaron deslindes y mensuras no se presentaron éstos ni tampoco los títulos de propiedad sino solamente planos.

Réstanos el cuarto motivo por haber errado la corte al dictar un fallo contrario a la ley y a los hechos.

La evidencia respecto a la posesión del pedazo de terreno en que la cuadra empezó a ser construida fué contradictoria, pues mientras los testigos del demandante declararon que éste lo poseía porque estaba poseyendo la finca descrita en la demanda, dentro de la cual estaba, el demandado presentó como testigos a varios empleados que El Pueblo de Puerto Rico tenía en la finca que posee desde más de tres años antes de la demanda, quienes tenían la misión de custodiar esos terrenos en nombre de El Pueblo de Puerto Rico y de vigilarlos para que no se hicieran construcciones

en ellos, testigos que también manifestaron que el terreno donde fué empezada la construcción del establo estaba poseyéndolo El Pueblo de Puerto Rico bajo la custodia de ellos.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Texidor no intervino.