JOSÉ V. FIGUEROA REYES, demandante y apelante, *v.* MODESTA LUGO y AMBROSIO MATOS, demandados y apelados, y EL PUEBLO DE PUERTO RICO, interventor y apelado.

No. 5934.—*Sometido:* Marzo 18, 1932. *Resuelto:* Julio 22, 1932.

A. *Marín Marién,* abogado del apelante; *Luis Ríos Algarín,* abogado de los demandados apelados; *Hon. Attorney General, Charles E. Winter* y *Harry B. Llenza,* abogados de *El Pueblo,* interventor y apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

José V. Figueroa radicó en la Corte de Distrito de San Juan el 5 de mayo de 1931 una demanda titulada de interdicto y en ella alegó, en resumen, que dentro de un año había estado en posesión de una parcela de terreno en Santurce que describe debidamente; que los demandados estaban construyendo en una parte de dicha parcela una casa, habiéndose opuesto el demandante. Pidió ser restablecido en la posesión del terreno, la destrucción de la casa en construcción y el mandato a los perturbadores de abstenerse en el·futuro de realizar tales actos.

Los demandados pidieron la eliminación de ciertos particulares de la demanda y formularon excepciones previas a la misma: ambigüedad y falta de hechos. Contestaron además negando los hechos de la demanda y alegando que la casa que construyen está enclavada en terrenos del Pueblo de Puerto Rico, que se los cedió a tal efecto.

En ese estado el procedimiento, pidió permiso para intervenir El Pueblo de Puerto Rico. Se le concedió y contestó que la casa de los demandados se levantaba en terrenos de su propiedad que forman parte de una finca de mayor extensión que describe en forma.

Trabada la contienda, fué el pleito a juicio, decidiéndolo la corte por sentencia de junio 9, 1931 en contra del demandante. La sentencia se funda en una relación del caso y opinión de la cual transcribimos lo que sigue:

"La prueba del demandante consistió en las declaraciones de José Víctor Figueroa, el demandante, de José Franco, Pedro Cruz, Francisco Barril, Antonio Morales, José Márquez, Irene Olivero y Manuel Aybar, la que tiende a demostrar que la casa que estaban construyendo los demandados al tiempo de radicarse la demanda ha sido edificada en terrenos de José Víctor Figueroa, pero no se demuestran actos de posesión realizados por el Sr. Figueroa, en relación con la parcela o solar en que se enclava la casa. Todos estos testigos empiezan declarando que conocen a Ambrosio Matos y que éste vive en una casa en terrenos de José Víctor Figueroa. Tiende también a demostrar la prueba del demandante que en las proximidades de la casa en controversia existen tres casas más, edificadas en terrenos del demandante.

"La prueba de los demandados y del interventor consistió en las declaraciones de Modesta Lugo, Luis Cancel, Joaquín Navarro, Enrique Castro González y Enrique Ortega, habiéndose practicado además una inspección ocular a petición de ambas partes.

"De la prueba de los demandados y del interventor aparece que Modesta Lugo solicitó del Departamento del Interior un permiso para rellenar el solar en que enclava su casa y que este solar le fué señalado o adjudicado por el representante del Departamento del Interior, Enrique Ortega. Que la demandante rellenó el solar que era un mangle, habiendo utilizado para ello al testigo Luis Cancel, a Vicente Aponte, y al esposo de la demandada, el demandado Ambrosio Matos.

"Declaró además el testigo Joaquín Navarro, quien manifestó que es guardián de los terrenos de El Pueblo de Puerto Rico, siendo sus funciones como tal guardián vigilar la finca de El Pueblo de Puerto Rico, evitar que corten mangles, que alteren los puntos y que no se apropien del terreno de El Pueblo de Puerto Rico. Que desde hace siete años está haciendo este trabajo en ese sitio y que el solar en que enclava la casa de los demandados forma parte de la finca que

está bajo su custodia y que la está poseyendo El Pueblo de Puerto Rico desde hace varios años.

"El ingeniero Ortega corroboró la declaración de Modesta Lugo manifestando que hace ocho meses le concedió el solar en cuestión a Modesta Lugo, que es el No. 4 de la manzana J. del plano de dichos terrenos y que lo mismo que ha concedido este solar a Modesta Lugo ha concedido otros a otras personas que han construído allí sus casas, rellenando, desde luego, la parcela de mangle sobre la cual han edificado.

"La Corte en la inspección ocular que practicó el día 13 de junio último observó que efectivamente, la casa de Modesta Lugo y Ambrosio Matos está construída sobre un solar recientemente rellenado, según declaró la demandada, Modesta Lugo, y asimismo observó que los solares adyacentes al mismo habían sido rellenados y formaban parte del manglar que rodea dichos terrenos.

"La prueba es realmente contradictoria y tal parece que los demandantes tratan de dirimir un conflicto de título mediante un procedimiento de injunction para recobrar la posesión, que como expresamente dice la ley y ha resuelto nuestro Tribunal Supremo en los casos de El Pueblo v. Galarza, 41 D.P.R. 606; Fernández v. González, 41 D.P.R. 726; Fajardo Sugar etc. v. Central Pasto Viejo Inc., 41 D.P.R. 825; Vicente v. Ortiz, Comisionado, 38 D.P.R. 106 y otros, dicho procedimiento no es el apropiado para dirimir conflictos de título de propiedad, sino simplemente para recobrar la posesión o tenencia de bienes inmuebles que se han estado poseyendo durante el año inmediatamente anterior a la radicación de la demanda, téngase o no derecho a la posesión del inmueble.

"La prueba del demandante no nos satisface ni nos ha demostrado que el demandante haya estado en posesión del solar en controversia durante el año inmediatamente anterior a la radicación de la demanda y por lo tanto procede que se dicte en este caso una sentencia declarando sin lugar la demanda con costas al demandante."

No coforme el demandante apeló para ante esta Corte Suprema. Señala en su alegato la comisión de diez y nueve errores. Los quince primeros se refieren a la práctica de la prueba, el diez y seis y el diez y siete al peso de la misma y el diez y ocho y el diez y nueve a la sentencia en general y a la imposición de costas en particular.

■ ■ Hemos examinado cuidadosamente, además de la exposición del caso, el pliego de excepciones y los argumen-

tos contenidos en los alegatos de las partes en relación con los quince primeros errores y a nuestro juicio ninguno que pueda estimarse perjudicial fué cometido. Lo que estaba en disputa no era el título a la propiedad, sino el hecho de la posesión material del terreno por un año. *A* puede tener perfecto derecho al dominio y por consiguiente a la posesión de una finca y sin embargo si la finca fué ocupada durante un año con anterioridad a la demanda por *B*, *A* no puede ejercitar contra *B* el interdicto posesorio. Para hacer valer su derecho debe recurrir a los otros medios que la ley le concede. Esto ha sido resuelto por este tribunal en repetidos casos. Y examinados todos los señalamientos de error a la luz de ese principio, se llega a la conclusión que dejamos expuesta.

Con respecto a los errores que se refieren al peso de la evidencia diremos que tampoco fueron cometidos. Hemos examinado la prueba. Es contradictoria. Y a virtud de nuestro propio análisis de la misma, no nos sentimos autorizados para concluir que el juez erró al dirimir el conflicto, especialmente habiendo inspeccionado como inspeccionó dicho juez personalmente el terreno.

La sentencia dictada es la consecuencia lógica de las alegaciones y las pruebas. No existe el error marcado con el número diez y ocho.

El señalamiento diez y nueve y último se argumenta así:

"Consideramos injusta la imposición de costas al demandante, aun cuando no procediera la revocación de la sentencia. Para que proceda la imposición de costas debe probarse temeridad en la parte condenada, y el demandante en este caso, aun cuando no demostrara que no tiene razón, ha presentado pruebas suficientes para demostrar que se ha creído razonablemente el poseedor del terreno. Consideramos que dadas las circunstancias relatadas la Corte usó mal de su discreción al imponerle las costas de los demandados."

En un caso de esta naturaleza, ni siquiera podemos entrar a discutir la discreción de la corte. Véase lo que se resolvió

en el caso de *Solís* v. *Castro*, 36 D.P.R. 314, 315, que invoca el interventor apelado:

"La sección 5ª. de la Ley No. 43, aprobada en marzo 13, 1913, dice:

" 'La Corte dictará setencia sin demora indebida. Se impondrán las costas a la parte contra la cual se dictare sentencia.'

"En el caso de Ortiz v. Silva et al., 28 D.P.R. 418, se interpretó dicha sección y después de transcribirse, esta corte dijo: 'La ley es clara y no necesita ser interpretada. Habiéndose dictado sentencia contra los demandados debieron imponérseles las costas por precepto imperativo de la Ley, y procede por tanto la revocación de dicha sentencia en la parte en que ha sido apelada por el demandante.'

"El caso reciente de El Pueblo v. Oms, 35 D.P.R. 757, por analogía es también de aplicación."

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.