JOSÉ PUIG MORALES, demandante y apelado, *v.* J. ANTONIO LORDEN, demandado y apelado.

No. 5436.—*Sometido:* Abril 22, 1932. *Resuelto:* Julio 22, 1932.

---

* NOTA: Véase el prefacio.

A. L. López, abogado del apelante; *F. González Fagundo, R. Rivera Zayas* y *José Puig Morales*, abogados del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El demandado apela de una sentencia a favor del demandante en un recurso de *injunction* para recobrar la posesión de ciertos bienes inmuebles y alega que la corte de distrito cometió error al resolver que el demadado era una parte necesaria. La contención del letrado en la corte de distrito fué que el demandado no era una parte apropiada toda vez que había actuado como representante de la Iglesia Católica, Apostólica, Romana, y no a nombre propio. El juez de distrito llegó a la conclusión de que el demandado no había establecido, mediante prueba, su calidad de representante, pero resolvió que la cuestión de si el demandado actuaba a nombre de otro o en beneficio propio carecía de importancia. El juez no dijo que el demandado era una parte necesaria. El hecho prácticamente incontrovertido es que la obra que interrumpió la posesión del demandante se realizaba por orden del demandado, que cuando el demandante protestó, el demandado asumió la responsabilidad de lo que se hacía y manifestó que consultaría con su abogado. El demandado era una parte apropiada, de no ser una parte necesaria, y el juez de distrito no cometió error al resolver que la cuestión de si el demandado actuó o no en su calidad de representante era impertinente.

El segundo señalamiento es que la corte de distrito

erró al resolver que el demandante tenía derecho a instituir este procedimiento. La cuestión, según ha sido tratada en el alegato del apelante, es si la posesión o dominio ejercido por el demandante sobre la faja en controversia se tenía so color de algún derecho a tal posesión o dominio.

La faja misma es un espacio abierto entre una casa, propiedad del demandante, y el atrio de la iglesia. Hasta el día del incidente que dió origen al presente recurso estaba separada del atrio de la iglesia por una pared baja. Un causante del demandante adquirió la casa en 1864 de los herederos de un anterior dueño. Posteriormente fué inscrita en el registro de la propiedad como lindante en el sur por una callejuela que la separaba del atrio de la iglesia. Sin embargo, el asiento dice que en un expediente posesorio anterior se describía la casa como que lindaba por ambos lados con otros bienes pertenecientes al dueño de ella. Parece ser un hecho admitido que la casa está enclavada en un solar perteneciente al municipio, aunque ese hecho no aparece de la inscripción en el registro. El dueño de la casa en 1909, con el consentimiento del municipio, convirtió en tanques sépticos dos sumideros que anteriormente habían sido hechos en el espacio en descubierto, cubriendo el espacio mismo de concreto. En agosto de 1911 el Concejo Municipal aprobó una resolución que lee en parte como sigue:

"Quedan autorizados los vecinos colindantes con la iglesia parroquial de esta ciudad para proceder a cercar los patios y corrales de sus casas, según las órdenes que les ha transmitido el oficial de Sanidad de esta Zona, pudiendo llegar con dichas cercas hasta las paredes del atrio de aquella Iglesia, entendiéndose que en los callejones fronterizos al parque Palmer deberán colocarse verjas de hierro, o en su defecto de madera bien pintadas para que el ornato resulte beneficiado. Los planos de estas verjas deberán someterse al Concejo para su aprobación."

Entonces un anterior dueño de la casa puso puertas de hierro en las dos entradas de dicho espacio. Antes o después del día últimamente mencionado se cavó un aljibe. En

una ocasión el actual dueño concedió permiso a uno de sus vecinos para que pusiera ciertos materiales de construcción por algún tiempo en dicho espacio. En enero de 1930 el alcalde escribió al actual dueño de la casa lo siguiente:

"El portador, Francisco Torres, 'Andarín' que desea participar en las fiestas de la Legión, ha solicitado permiso para hacerlo en la Plaza; como no podemos conceder el permiso de acuerdo con la última ordenanza de la Asamblea Municipal, hemos pensado que tal vez Ud. podría permitirle que lo haga en el callejón que hay entre su casa y la Iglesia con lo cual contribuiríamos a la animación de la fiesta, y nosotros lo agradeceríamos."

El actual dueño y los dueños anteriores sucesivos de la casa durante muchos años han estado en la posesión material y tenido el dominio de la faja en cuestión so color de algún derecho para tal posesión y dominio. La asamblea municipal, por lo menos en una ocasión, y el alcalde en otra ocasión, parecen haber considerado la misma como anexa a la casa perteneciente ahora al demandante. Por tanto, la corte de distrito no cometió error al resolver que el demanmandante tenía derecho a instituir este procedimiento.

Las contenciones tercera y cuarta del apelante, a saber, que la corte de distrito erró al declarar que el demandante estaba en la posesión de la faja de terreno en cuestión en 12 de febrero de 1930, y al no condenar al demandante al pago de costas, carecen igualmente de mérito.

*La sentencia apelada debe ser confirmada.*