DOLORES PÉREZ VDA. DE PORTELA, OLIMPIA ADELAIDA CONSUELO, AMPARO y JOSÉ MANUEL DIÓGENES PORTELA Y PÉREZ, demandantes y apelados, *v.* FRANCISCO J. MARRERO, demandado y apelante.

No. 6375.—*Sometido:* Mayo 3, 1934. *Resuelto:* Septiembre 29, 1934.

---

* NOTA: Véase el prefacio.

R. *Rivera Zayas* y *José E. Díaz,* abogados del apelante; *V. M. Fernández,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Francisco J. Marrero ejecutó una hipoteca existente sobre una casa de una sola planta, con azotea, que se describe como que se extiende desde una calle a otra, en el Municipio de Vega Baja. Cuando el márshal fué a diligenciar un auto de posesión, se halló un mirador de madera techado de zinc, construído en el patio o sobre el patio de la casa que se describe en el auto, y dentro de los linderos de la finca hipotecada. Este mirador estaba ocupado por un inquilino, por cuyo conducto los demandantes ejercían posesión material y dominio del mismo. Éstos se negaron a desalojar el mirador y el márshal los dejó en la posesión material del mismo, pero puso al acreedor hipotecario en posesión del resto de la finca. Luego, el acreedor obtuvo la posesión material del mirador y los demandantes iniciaron este procedimiento sumario para restablecer el *status quo.* Los hechos, tal cual fueron determinados por la corte de distrito, y la ley aplicable a los mismos, están claramente expuestos en una relación del caso y opinión que lee así:

"Se trata de un caso de *injunction* para recobrar la posesión. Los demandantes alegan que dentro del año precedente a la presentación de la demanda estaban en la posesión real y material de una

finca compuesta de solar y casa que describen, ubicada en Vega Baja, y que el demandado les ha despojado de dicho inmueble expresando los hechos en que consistió el despojo. El demandado, en su escrito de contestación, niega los hechos; y como materia de defensa alega que está en posesión del inmueble referido porque el Márshal de esta Corte le dió tal posesión al adquirirlos en una subasta pública.

"Trabada así la contienda el caso fué a juicio. Éste se celebró el día 21 de febrero de 1933. Las partes comparecieron, asistidas de sus abogados y practicaron prueba testifical.

"La prueba de los demandantes consistió en las declaraciones de:

"*a*.—Consuelo Portela quien declaró ser una de las demandantes; y luego de describir la finca, que los actores poseyeron la misma desde 1925 hasta fines de noviembre de 1932; que en octubre de 1932 el Márshal de esta Corte fué a dar posesión al demandado de unos bienes ejecutados que eran de Dolores Pérez viuda de Portela y que al señalar el demandado entre esos bienes el inmueble de que ahora se trata la testigo le llamó la atención al Márshal que éste último no formaba parte de aquéllos y pertenecía a la Sucesión Portela y no a la señora Pérez viuda de Portela, por lo que el Márshal se negó a entregarla y no la entregó; que la casa en cuestión estaba habitada por Alejandro Torres como inquilino de la sucesión Portela y contra quien la sucesión seguía un procedimiento de desahucio, en el día que se procedió al desalojo judicial de Torres, llegó el demandado conduciendo en su propio carro muebles de Enrique Pumarejo y los introdujo en la casa y dejó allí como su inquilino a dicho Pumarejo; que la demandante le llamó la atención a Pumarejo y éste le manifestó que si estaba allí, ocupando la casa, era por orden del demandado; que pocos días después el demandado pintó la casa, destruyó una verja e hizo otras reparaciones; y que todo eso ocurrió contra la voluntad y la oposición de los demandantes.

"*b*.—José J. Santiago quien declaró que es Submárshal de esta Corte y que, a fin de dar posesión al demandado de ciertos bienes obtenidos en subasta pública en un caso seguido contra Dolores Pérez viuda de Portela se trasladó a Vega Baja y allí al darle posesión de un edificio la señorita Consuelo Portela objetó, en presencia del demandado Marrero, que la posesión de dicha propiedad no incluía cierta parte de la casa; que hay una parte dentro de la casa que tiene una planta alta, especie de mirador; que el testigo advirtió a las partes que él único y exclusivamente se dedicaría a dar posesión de los bienes que se describían en el mandamiento; que en el mandamiento no estaba incluída la parte anterior (refiriéndose a lo que llama 'mirador'); y al efecto dió al demandado posesión de

un edificio de mampostería, o casa terrera, techada de azotea, situada en la calle Ramón E. Betances, pueblo de Vega Baja, en lindes por la derecha, entrando, con la casa de Pedro Lluberas; por la izquierda con la Calle del Chorro, conteniendo algunas divisiones dicha casa y una pieza con igual frente hacia la calle de la Palma; que de eso fué de lo que dió posesión al demandado Marrero; y,

"c.—Dr. C. M. García, Liborio A. Matos y José M. Portela, quienes declararon, en síntesis, corroborando las manifestaciones de la testigo Consuelo Portela.

"La prueba del demandado consistió en las declaraciones de José J. Rodríguez, Emilio Martínez, y el propio demandado cuyos testimonios tienden esencialmente a demostrar que el demandado tiene la posesión de todo el edificio ubicado en la calle de Betances de Vega Baja a virtud de la entrega material que del mismo le hizo el Márshal de esta Corte en octubre de 1932 al darle posesión al demandado de los bienes adquiridos en pública subasta en el caso contra la señora Pérez viuda de Portela; y que sobre la azotea del edificio ya descrito hay un mirador, y de este cuerpo del edificio también le dió posesión el referido funcionario, pues toda la propiedad es una sola.

"La prueba, como se observa, es contradictoria. Pero la declaración del Márshal es explícita. Durante su interrogatorio él sentó varias veces, como un hecho, que no dió posesión al demandado de la construcción o edificación en disputa. Tomamos de su declaración:

" 'P: ¿No estaba incluída esa propiedad?

" 'R: En el mandamiento no estaba incluída la parte anterior.

" 'P: ¿Y usted no le dió posesión de esa propiedad?

" R.: No. Yo solamente le dí la posesión de la propiedad, que se describe en el mandamiento.

.    .    .    .    .    .    .    .    .    .

" 'P: ¿De modo que es claro, testigo, que de esta parte, que es una casa de dos plantas, que usted llama mirador, usted no dió posesión a Francisco J. Marrero?

" 'R: No. Solamente le hice la observación de que le daba posesión de la finca que acabo de describir aquí ahora, es decir, ajustado estrictamente al mandamiento.

.    .    .    .    .    .    .    .    .

" 'LA CORTE: Testigo, ¿la casa cubre todo el solar? R.: No, señor. En mitad de la calle. . . Con permiso de la corte. . . (Va a la pizarra). En medio de la calle del Chorro, en esta parte de la calle del Chorro, que es esta calle que atraviesa aquí, al llegar casi

a esta situación, tenemos un portón que dá acceso a un pequeño patio de algunas dimensiones, de mas o menos dos metros, que divide la pared, es decir, que parte de la pared que va de una calle a otra. Es una entrada para dar acceso a un pequeño patio. En el extremo de entrar, el otro extremo, hay como dos metros, que es entrada, y de ahí parte entonces una pared corrida, de concreto, hasta la otra calle. Está dividida por un portón.

'P.: ¿Y qué hay en ese patio

'R.: En la extensión del patio no hay nada.

'P.: ¿No hay nada?

'R.: No hay nada, absolutamente.

'P.: ¿Y encima del patio?

R.: Encima del patio, o sea en la pared, que continúa, después de partirse la pared para dar acceso, entrada, parte para arriba la muralla, donde está el mirador.

'P.: ¿De modo que no tiene planta baja?

'R.: No, en la entrada, en el patio, no hay nada, absolutamente nada. Eso es un pequeño patio de. . .

'P.: ¿Y de eso que usted encontró allí le dió posesión al demandado?

'R.: Diciendo que se ajustaba la propiedad a la descrita en el mandamiento.

'P.: No contesta mi pregunta el Márshal. Que si de eso, de esa especie de mirador que no tiene planta baja, ¿de eso, no le dió posesión al demandado?

'R.: No, en absoluto. Yo le dí posesión solamente, posesión de la casa que se describe en el mandamiento, y que no menciona esa parte alta.'

"Si los demandantes tenían la posesión del inmueble en disputa y si el Márshal, como aparece de su testimonio, no dió posesión del mismo al demandado, es innegable que éste se posesionó violentamente del inmueble, contra la voluntad de los actores ya que los otros hechos o actos en sí del despojo descritos en la alegación quinta de la demanda y que surgen de la prueba de los demandantes no fueron contradichos o refutados.

"Lo que ha intentado el demandado es discutir el título a la posesión afirmando que el Márshal le hizo entrega del inmueble; y discutir el dominio de la cosa al afirmar que ella forma parte integrante de cierto inmueble que adquirió en subasta pública. Pero, la cuestión en estos interdictos o *injunctions,* no es una de título, y de deducciones legales: es una de hecho y como tal debe ser tratada en

este procedimiento. Nuestra ley concede el remedio al que ha sido perturbado en la posesión o tenencia y para recobrar no el título o el derecho, sino la posesión material.

"En *Fajardo* v. *Pasto Viejo*, 41 D.P.R. 825, 826, se dice:

" 'Lo que se intenta, y se logra, por medio de ese procedimiento sumario, en el que ni se discute ni se decide el título, es lo que los autores llaman la protección posesoria. Todo poseedor tiene derecho a que se le respete en su posesión; tal es el concepto legal contenido en el artículo 448 del Código Civil de Puerto Rico. En el poseedor hay un presunto dueño; y en la posesión hay un estado de hecho a respetar por todos y a ser mantenido por la ley.

" '. . . . en los *injunctions* para retener y recobrar la posesión, lo que se dilucida es simplemente una cuestión de hecho, y no de derecho, y su esfera de acción está bien limitada.'

"En *Vicente* v. *Ortiz*, 38 D.P.R. 106, 110, se dice que en procedimiento de *injunction* para recobrar posesión la única cuestion es, si el demandante tenía la posesión o tenencia de la cosa de que ha sido perturbada o despojada en el año precedente a la presentación de la demanda, y si teniéndola, tal despojo existió.

"En *Pérez* v. *Pérez*, 38 D.P.R. 753 se dijo que en los *injunctions* conocidos por interdictos, la cuestión a resolver siempre es si el demandante estaba en posesión en determinada fecha dentro del año estatutario y si se le privó de tal posesión.

"En *Vázquez* v. *Rivera*, 37 D.P.R. 804 se estableció que en procedimientos de *injunction* para recobrar posesión, la posesión del demandante, y no su título a la propiedad de que se trata, es la cuestión a probar y resolver.

"En *Oliver* v. *González*, 37 D.P.R. 936, 942, se lee:

" '. . . . en un caso de interdicto o *injunction* para retener, ya que en este sumario procedimiento lo único a discutir es la posesión, no el dominio, y aún ni el título a la posesión.'

"Y, entre otros casos más que abundan en las decisiones del Tribunal Supremo, en *Solís* v. *Castro*, 36 D.P.R. 105, se dijo que dentro del procedimiento sumario de una demanda de *injunction* para recobrar la posesión material de propiedad inmueble, sólo la posesión, como cuestión puramente de hecho, es el verdadero *issue* a decidir.

"En 4 Manresa 209, 210, se expresa como sigue el insigne tratadista:

" 'Los interdictos, siguiendo la definición que de ellos dan los autores de procedimientos, son unos juicios sumarísimos, que tienen por objeto el decidir interinamente sobre el hecho de la posesión sin

perjuicio del derecho de los interesados, o suspender o evitar un hecho que nos perjudica. Reciben también ese nombre las acciones concedidas al poseedor para obtener ese mismo resultado.

" 'Por su propio carácter, las resoluciones en ellas recaídas no deciden nada en definitiva, y son siempre sin perjuicio de tercero, de igual o mejor derecho. Después de los interdictos puede siempre seguirse un juicio más amplio, en el que se aleguen, examinen, discutan y resuelvan las cuestiones relativas al derecho. Ni podía ser de otro modo, toda vez que, en lo que a nuestro estudio interesa, la posesión de hecho puede tener a su favor la presunción del derecho a poseer; mas tal presunción cede forzosamente ante una prueba en contrario; prueba que, como referente al derecho y no al hecho, no cabe ni prospera dentro de la naturaleza del interdicto.'

"En 8 Scaevola 373, 375, este otro insigne comentarista del Código Civil, se manifiesta así:

" 'En el interdicto sólo se permite discutir sobre el hecho de la posesión, no sobre el derecho a la misma, que es lo que implica el fondo de las decisiones del Tribunal Supremo expuestas. Si se tolerase contender respecto del título de la posesión, tocante al derecho con que el tenedor posee la finca, perdería su naturaleza el interdicto y estaría demás en la ley éste, o el juicio ordinario para discutir ampliamente la posesión y la propiedad, debiendo fundirse en un solo juicio.'

"En *Figueroa* v. *Lugo*, 43 D.P.R., 865, 869, leemos:

" 'Lo que estaba en disputa no era el título a la propiedad, sino el hecho de la posesión material del terreno por un año. *A* puede tener perfecto derecho al dominio y por consiguiente a la posesión de una finca y sin embargo si la finca fué ocupada durante un año con anterioridad a la demanda por *B*, *A* no puede ejercitar contra *B* el interdicto posesorio. Para hacer valer su derecho debe recurrir a los otros medios que la ley le concede.

" 'Esto ha sido resuelto por este tribunal en repetidos casos.'

"No es, pues, materia propia de estos procedimientos sino de los juicios plenarios de propiedad la cuestión del derecho con que se posee.

"La cuestión relativa a que el Márshal dió posesión al demandado del inmueble objeto de este interdicto, quedó decidida adversamente por la prueba de los demandantes. La cuestión de si ese inmueble forma o no parte o está o no comprendida en la finca de que el Márshal dió posesión al demandado, es algo que no puede ventilarse en este procedimiento.

"Del caso *Rivera* v. *Vargas,* 43 D.P.R. 151, 154, son estas palabras:

" 'Si es cierto que la porción de que se trata está comprendida en la finca traspasada, el demandante podrá hacer valer sus derechos ante los tribunales en el juicio correspondiente, pero no en éste de *injunction* cuya naturaleza ha sido perfectamente fijada por la ley y la jurisprudencia. La prueba de que el demandante estuviere de hecho en la posesión material de la porción que reclama y la de que el demandado penetrara violentamente en ella y la ocupara en contra de la voluntad del demandante fué contradictoria, siendo el conflicto resuelto en contra del demandante.

" 'No hemos perdido de vista lo dispuesto en el párrafo segundo del artículo 1365 del Código Civil, a saber, que cuando se haga la venta mediante escritura, como se hizo en este caso, el otorgamiento de la escritura equivaldrá a la entrega. Si realmente la porción ocupada pertenece a la finca, la compra y ese artículo confieren un perfecto derecho al demandante a reclamarla.

" 'Pero la reclamación, repetimos, no cabe hacerla dentro de este procedimiento de *injunction,* limitado a recobrar o retener la posesión material de propiedad inmueble, debiendo alegarse y probarse de acuerdo con la ley: (1) que el demandante, dentro del año precedente a la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla.'

"Además, una de las demandantes, la señorita Portela, declaró que la casa objeto de este pleito está construída en un solar perteneciente al municipio; y así se alegó en la demanda. Ese solar, al que testigos del demandado llaman patio, es un espacio abierto en el solar y edificio de que se le dió posesión al demandado, y tiene su frente a la Calle de Hostos. ¿Se trata, como se dice, del patio de la casa adquirida por el demandado, o de un solar del municipio, cuya posesión tienen los demandantes, so color de algún derecho para tal posesión y actos de dominio? Tal punto no puede ser abarcado en procedimientos de la naturaleza presente. Pero sí se ha dicho, sin embargo, como en *Puig* v. *Lorden,* 43 D.P.R. 874, que la persona que haya estado en la posesión material y ejercitado actos de dominio sobre una faja de terreno so color de algún derecho para tal posesión y actos de dominio, puede, al ser perturbado en la posesión instar procedimiento para recobrar aquello de que ha sido despojado.

"Al finalizar la vista de este caso, el demandado solicitó de la Corte una inspección ocular fundándose en que el Juez al llegar allí 'verá que no existe la casa que se describe en la demanda.' Esta

inspección se hizo el 18 de marzo de 1933, y del acta levantada aparece lo siguiente:

" 'El inmueble objeto de esta acción está ubicado en la Calle Eugenio María de Hostos, de Vega Baja. Es una estructura que ocupa dos plantas. La baja está construída de material o ladrillo en un solo cuerpo, con un anexo o martillo de maderas para cocina; y ocupada dicha planta con comedor y sala, y una escalera de maderas que conduce a la planta alta. Esta segunda planta es toda de maderas, techada de zinc, y dividida en tres apartamentos o alcobas-dormitorios, con un balcón pequeño en su frente a la calle de Hostos.

"La demanda debe ser declarada con lugar. Y, condenarse al demandado al pago de las costas. *Figueroa* vs. *Lugo,* 43 D.P.R. 865; *Hernández* v. *Sánchez,* 41 D.P.R. 72; *Solis* v. *Castro,* 36 D.P.R. 314; *Ortiz* v. *Silva,* 28 D.P.R. 417; *Pueblo* v. *Oms,* 35 D.P.R., 757."

La primera contención del apelante es que la corte de distrito cometió error al apreciar la prueba. El nervio del argumento es que el demandado tenía la posesión legal del mirador, toda vez que el mismo formaba parte de la finca hipotecada y como tal le había sido adjudicado en la subasta. La respuesta a este argumento, conforme indicó el juez de distrito, es que el punto primordial era el hecho de la posesión material por parte de los demandantes al tiempo de desalojar la finca y que la cuestión relativa al derecho del demandado a la posesión expresa o implícita como resultado de la subasta, era cuestión de poca o ninguna importancia. El márshal no puso al acreedor hipotecario en la posesión material del mirador y el juez de distrito no cometió error en su apreciación de la prueba sobre este aspecto saliente del caso.

La revocación de la sentencia por el motivo de que el juez de distrito cometió error al apreciar la prueba nos obligaría a resolver que después de una venta en ejecución de hipoteca la entrega de parte de la finca hipotecada, no habiendo entrega material de toda la propiedad, es una imposibilidad física. No estamos preparados para ir tan lejos.

Hasta ahora, adoptando el criterio más favorable al apelante, hemos asumido que la estructura en cuestión era

tan sólo un "mirador". De la inspección ocular que el juez de distrito hizo de la propiedad, cuyo resultado se hace constar en su opinión, supra, se desprende claramente, sin embargo, que la estructura en sí no era un mirador sino una construcción de dos plantas que participaba de la naturaleza de un nuevo edificio "donde antes no los hubiere", no la "elevación" de un edificio, dentro del significado del artículo 111 de la Ley Hipotecaria. En verdad, no puede haber una seria cuestión acerca de la practicabilidad de dejar al actual ocupante de tal estructura en la posesión real y material de la misma, no embargante la entrega de la finca hipotecada a un adquirente en una subasta en ejecución de sentencia.

El segundo señalamiento de error se dirige a la exclusión de cierta prueba, según indican los siguientes extractos hechos por el apelante de distintas partes de la transcripción taquigráfica:

"P.—Dígame . . . ¿Usted ha conocido alguna casa de altos y bajos que sea de la pertenencia de los hermanos Portela?

"Sr. Fernández: Para oponernos, señor Juez. . .

"La Corte: Sostenida la objeción.

"Sr. Díaz: Señor Juez, nosotros alegamos en nuestra contestación que Francisco J. Marrero es dueño de una casa, y que dentro de esa casa está la de. . .

"La Corte: En estos procedimientos no puede admitirse ninguna clase de prueba que tienda a demostrar el título, o el título de la posesión de una cosa. . .

"Sr. Díaz: ¿Usted sabe si don Francisco J. Marrero está en posesión de alguna finca que corresponda a doña Consuelo Portela y a sus hermanos?

"Sr. Fernández: Para oponernos, señor Juez. . .

"La Corte: Sostenida la objeción.

"Sr. Díaz: Entonces nosotros no podemos presentar ninguna clase de prueba. . . .

"La Corte: Sí, como no. . . El abogado puede hacerle la siguiente pregunta: '¿Usted sabe si Francisco J. Marrero está en posesión de algún inmueble ubicado en la calle Betances de Vega Baja?

"P.—¿De José Julián Acosta? De manera, testigo, . . . ¿Esa

es una construcción independiente, o es una construcción que forma parte de esa casa que usted ha descrito?

"Sr. Fernández: Para solicitar la eliminación de la pregunta.

"La Corte: Sí, con lugar."

Cuanto hemos dicho hasta ahora resuelve prácticamente la cuestión que aquí se trata de plantear. De todos modos, no se tomó excepción alguna y el error, de haberlo, no fué perjudicial.

No encontramos que se cometiera abuso de discreción al concederse las costas.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Aldrey disintieron.*

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA

Los demandantes en este caso alegan que obtuvieron del municipio de Vega Baja la concesión de uso de un solar radicado en la calle Eugenio María de Hostos que mide 45½ pies de frente por 14 de fondo y que colinda por el norte, sur y oeste con la sucesión de Ramón B. Portela, y por el este con la calle en que radica. Se aduce que sobre este solar tienen los demandantes una construcción que se describe así:

"URBANA: Casa de dos plantas, de mampostería los bajos y los altos de maderas del país y extranjera, techada de zinc, con un balcón pequeño en la planta alta y un martillo en la planta baja, que mide (8.21) ocho metros veintiún centímetros de frente, por (4.51) cuatro metros cincuenta y un centímetro de fondo. Linda por la derecha entrando, izquierda y fondo con propiedades pertenecientes a la sucesión Portela y al frente, con la calle Eugenio María de Hostos, donde radica."

Según los demandantes, el demandado, al tomar posesión de ciertos inmuebles que le fueron adjudicados en subasta y en el curso de un procedimiento incoado contra Dolores Pérez viuda de Portela, designó la propiedad anteriormente descrita como si formase parte de dichos inmuebles, pose-

---

* NOTA: Véase el prefacio.

sionándose fraudulentamente de la misma contra la voluntad de los demandantes quienes solicitan que se les restituya en la posesión del referido inmueble.

El demandado en su contestación alega que en ejecución de sentencia dictada en un caso seguido contra Dolores Pérez viuda de Portela, sobre cobro de un crédito hipotecario, obtuvo en pública subasta una finca que se describe así:

"URBANA: Casa situada en el pueblo de Vega Baja, calle de 'El Rosario', hoy Ramón E. Betances, de mampostería, techada de azotea, de 13 varas de frente por 40 varas de fondo, con algunas divisiones y una pieza igual frente a la calle de la Palma. Linda por el Sur con la calle Ramón E. Betances; por la derecha, entrando, con Pedro Lluberas; por la izquierda, con la calle de El Chorro, hoy Eugenio María de Hostos, y por el Norte, con la calle La Palma."

Niega el demandado las alegaciones fundamentales de la demanda y solicita que la misma sea declarada sin lugar.

No obra en autos prueba documental alguna donde aparezca descrito el inmueble hipotecado y vendido en ejecución de sentencia al acredor hipotecario, Francisco J. Marrero. Cuando se le pregunta al márshal por las dimensiones de la casa de que dió posesión al demandado contesta que dicha casa tiene 11 metros de frente por 17 de fondo. Estas dimensiones no concuerdan con la casa de 13 varas de frente por 40 de fondo que se describe por el propio demandado en la contestación.

Es verdad que el márshal declara que hay una parte dentro de la casa que tiene una planta alta, especie de un mirador, y que Consuelo Portela, una de las demandantes, objetó que eso no estaba incluído en la propiedad cuando el referido funcionario daba posesión al Sr. Marrero del inmueble por el mismo adquirido; pero esta prueba no basta para demostrar que se trata de una elevación del edificio hipotecado, cuando se examina en conjunto toda la evidencia aportada.

La señorita Portela declara que en 1923 era ése un solar yermo donde no había edificación alguna. "Nosotros," dice,

"edificamos esa casa en 1925." Los demandantes ofrecieron prueba documental para demostrar que la Asamblea Municipal de Vega Baja concedió a la sucesión de Ramón B. Portela el usufructo de un solar del municipio, que es el mismo que se describe en la demanda. Se ofreció además como prueba una escritura otorgada ante notario en 7 de marzo de 1932, para demostrar la edificación de la casa que se describe en las alegaciones de la demanda. El demandado se opuso a la admisión de esta prueba por entender que en estos recursos extraordinarios para recobrar la posesión solamente debe traerse prueba al tribunal tendiente a justificar la posesión dentro del año precedente a la presentación de la acción. La corte denegó la admisión de los documentos ofrecidos.

La prueba aportada resulta confusa y deficiente. No sabemos si se trata de una elevación de edificios o de nuevas edificaciones donde no las había ni si se edificó antes o después de la hipoteca, porque de los autos no surge la fecha en que tuvo lugar el préstamo hipotecario. Tampoco sabemos las dimensiones del solar hipotecado ni estamos en condiciones de asegurar que el inmueble que se reclama esté comprendido dentro del referido solar.

La corte inferior termina su opinión con estas palabras:

"Al finalizar la vista de este caso, el demandado solicitó de la corte una inspección ocular fundándose en que el juez al llegar allí 'verá que no existe la casa que se describe en la demanda.' Esta inspección se hizo el 18 de marzo de 1933, y del acta levantada aparece lo siguiente:

" 'El inmueble objeto de esta acción está ubicado en la calle Eugenio María de Hostos, de Vega Baja. Es una estructura que ocupa dos plantas. La baja está construída de material o ladrillo en un solo cuerpo, con un anexo o martillo de maderas para cocina; y ocupada dicha planta con comedor y sala, y una escalera de maderas que conduce a la planta alta. Esta segunda planta es toda de maderas, techada de zinc, y dividida en tres apartamentos o alcobas-dormitorios, con un balcón pequeño en su frente a la calle de Hostos.'

"La demanda debe ser declarada con lugar. Y condenarse al demandado al pago de las costas. *Figueroa* v. *Lugo,* 43 D.P.R. 865; *Hernández* v. *Sánchez,* 41 D.P.R. 72; *Solís* v. *Castro,* 36 D.P.R. 314; *Ortiz* v. *Silva,* 28 D.P.R. 417; *Pueblo* v. *Oms,* 35 D.P.R., 757."

La finca que se describe en el acta de la inspección ocular es la misma que reclaman los demandantes y que aparece descrita en la demanda. Nada dice la corte con respecto a la finca hipotecada y vendida al demandado. No expresa que la finca que se reclama esté incluída en el inmueble adquirido en pública subasta por Francisco J. Marrero.

Acreditada por los demandantes la posesión del inmueble que reclaman y habiendo declarado el márshal que se ajustó estrictamente al mandamiento judicial y que no le dió posesión al demandado de cierta propiedad reclamada por la Srta. Portela como perteneciente a dichos demandantes, incumbía al referido demandado probar que la casa de dos plantas, objeto de este litigio, estaba incluída dentro de la finca hipotecada, y que obtuvo posesión judicial de la planta baja, incautándose por lo tanto de todo el edificio. Si no conocemos el inmueble hipotecado, si ignoramos sus colindancias y sus dimensiones, mal podemos asegurar que se trata de una elevación del edificio hipotecado o de una nueva construcción donde antes no la había. De acuerdo con el artículo 111 de la Ley Hipotecaria se entenderán hipotecadas juntamente con la finca, aunque no se mencionen en el contrato, siempre que correspondan al propietario, entre otras mejoras, las que consistan en adorno o elevación de los edificios. El mismo artículo dispone en su inciso segundo que no se considerarán hipotecadas juntamente con la finca las mejoras que consistan en nueva construcción de edificios donde antes no los hubiere.

La corte inferior, en el párrafo que precede a la relación de la inspección ocular, dice:

"Además, una de las demandantes, la señorita Portela, declaró que la casa objeto de este pleito está construída en un solar pertene-

ciente al municipio; y así se alegó en la demanda. Ese solar, al que testigos del demandado llaman patio, es un espacio abierto en el solar y edificio de que se le dió posesión al demandado, y tiene su frente a la calle de Hostos. ¿Se trata, como se dice, del patio de la casa adquirida por el demandado, o de un solar del municipio, cuya posesión tienen los demandantes, so color de algún derecho para tal posesión y actos de dominio? Tal punto no puede ser abarcado en procedimientos de la naturaleza presente, pero sí se ha dicho, sin embargo, como en Puig v. Lorden, 43 D.P.R. 874, que la persona que haya estado en la posesión material y ejercitado actos de dominio sobre una faja de terreno so color de algún derecho para tal posesión y actos de dominio, puede, al ser perturbado en la posesión instar procedimiento para recobrar aquello de que ha sido despojado.''

Es evidente, a nuestro juicio, que el demandado no ha demostrado con la claridad que fuera de desear que tomó posesión judicial de una finca comprendida dentro de la hipoteca y descrita en el mandamiento judicial. Los demandantes en cambio han demostrado que estaban en posesión de la finca que reclaman y que de ella se incautó el demandado. El que adquiere en subasta pública una finca hipotecada, al tomar posesión judicialmente de la misma, no puede ir más allá de los límites de la finca adquirida y de los bienes realmente hipotecados. Si se incauta de algo que está fuera de la hipoteca, tiene el deber de devolverlo, previa reclamación, a su poseedor. Como hemos dicho, la prueba en este caso no es clara. El demandado no ha probado que la finca que reclaman los demandantes estuviese incluída en la hipoteca, y en estas condiciones entendemos que las cosas deben restituirse a su antiguo estado, sin perjuicio de los derechos que puedan asistir a Francisco J. Marrero para tomar legalmente posesión de la propiedad por medio del procedimiento adecuado. Es por estas razones que estamos conformes en que se confirme la sentencia apelada.